## SUPREME COURT.

### BRONSON agt. FREEMAN.

An order made by a Judge in vacation, that plaintiff file *security for costs*, should be in the *alternative*, as was formerly the practice,—requiring security to be filed in twenty days, *or* that the plaintiff show cause why such security should not be required, at the next *special term* thereafter.

Where a Judge makes an order that the defendant have a certain number of days, after the plaintiff files security for costs, and the sureties, if excepted to, shall justify, and the plaintiff gives notice of such justification to the defendant, to answer or demur, the plaintiff, though he file security *with justification*, and give notice to the defendant, can not proceed and enter judgment, where the defendant *excepts* to the surety, without a *new justification* and notice. The statute requires it.

*Niagara Special Term, June,* 1853. *Motion to set aside judgment for irregularity.* The summons and complaint were personally served on the defendant, about the 10th of January. On the 22d of January, the defendant's attorneys obtained from the County Judge, an order requiring the plaintiff to file security for costs, within twenty days after service of a copy thereof, and of the affidavit upon which the order was founded.

On the 31st of January, the same judge made an order that the defendant have until ten days after the plaintiff should

have filed security for costs, and the sureties, if excepted to, should have justified, and the plaintiff have given notice of such justification to the defendant's attorney, to answer or demur to the complaint.

Copies of these orders and the affidavits upon which they were founded, were served by mail on the day on which they were made.

On the 13th of April, the plaintiff's attorney filed with the clerk, a bond, as security for costs, with an affidavit of justification, and served upon the defendant's attorney, a copy of such bond and affidavit. On the 22d of April, the defendant's attorneys excepted to the sufficiency of the sureties, and served notice of such exception upon the plaintiff's attorney, by mail. No notice of justification was served on the defendant's attorneys after service of notice of the exception to the sufficiency of the sureties. On the 17th of May, the plaintiff's attorney perfected judgment for want of an answer.

P. L. Ely, *for Plaintiff.*
G. D. Lamont, *for Defendant.*

Harris, Justice.—Ever since the year 1830, it has been the uniform practice, when application was made by the defendant to a judge, in vacation, for an order that the plaintiff file security, to make such order in the alternative, requiring security to be filed in twenty days, or that the plaintiff show cause why such security should not be required, at the next special term thereafter. This, with a stay of proceedings in the meantime, obtained in the manner prescribed by the Code, is undoubtedly the proper practice yet. But the statute (2 *R. S.* 620, § 3,) does not require that the order should be made in this form. It authorizes a judge of the court, *in vacation*, to require the plaintiff to file security for costs. This the county judge did. He had authority to make the order. It was not void, though it was irregular, as not being in conformity with the settled practice. Upon motion for that purpose, it would probably have been set aside for irregularity, but the plaintiff was not at liberty to disregard it, nor did he, for afterwards, though not

within the time prescribed by the order, he proceeded to file security.

But the time for the defendant to answer had not expired when the plaintiff proceeded to enter judgment. The judge, having made the order for security, on the 31st of January, made another order enlarging the time to answer until ten days after the security should be filed, and the sureties, if excepted to, should justify, and notice of such justification should be served on the defendant's attorneys. He had authority thus to enlarge the time to answer. There is no limit to his power in this respect; nor was there any objection to his making the time to answer depend upon an act to be done by the plaintiff. The defendant had ten days to answer, after the plaintiff should have done all that he was required to do by the order of the 22d of January. This he never did. He filed security and the surety made an affidavit of justification. It would seem to be an idle thing to require a surety who had made a full affidavit of justification, when he became surety, to make the same affidavit again, when an exception to his sufficiency should be taken. But this is the provision of the statute. And see matter of Faulkner, (4 *Hill*, 30.) The plaintiff's attorney probably supposed he had satisfied the order of the 22d of January, when he filed security, with the affidavit of justification made by the surety, and served a copy of the bond and affidavit upon the defendant's attorney. But in this he was mistaken. He should have obtained a new affidavit from the surety, after receiving notice of the exception, and have served a copy of that affidavit upon the defendant's attorney. Until that was done, the ten days allowed by the order of the 31st of January did not commence to run. The judgment must be set aside, but, as both parties have been irregular in their practice, neither is entitled to costs upon this motion. The defendant may have ten days from the entry of the order upon this decision, to answer or demur to the complaint.