## SUPREME COURT.

### MACKAY agt. LAIDLAW & POND.

The only case in which the Code expressly authorizes a defendant to *demand* a copy of the complaint, and gives him twenty days thereafter to answer it, is, where there has been personal service of the summons, but no copy of the complaint has been served with it.

In other cases the defendant may, on application to a judge, obtain time to answer, and if to the court, also an order to have a copy of the complaint delivered to him.

*New-York Special Term, Oct.,* 1855.

APPLICATION by plaintiff for judgment against non-resident defendants, after service of summons, &c., by publication.

JACOB W. FEETER, *for plaintiff.*
R. G. BEARDSLEE, *for defendants.*

MITCHELL, Justice. The only case in which the Code expressly authorizes a defendant to demand a copy of the complaint, and gives him twenty days thereafter to answer it, is where there has been personal service of the summons, but *no copy of the complaint has been served with it.* (*Code,* §§ 129, 130.) In other cases the defendant might, on application to a judge, obtain time to answer, and, if to the court, also an order to have a copy of the complaint delivered to him. In this case both defendants were proceeded against as non-residents, and on the twentieth day after the time for publication had expired, an attorney appeared for both of them, and demanded a copy of the complaint.

In the case of Laidlaw, a copy had been served on him with the summons by mailing it to him; and it is to be presumed that he received both the summons and complaint in due course of mail. It may also be presumed that the copy served on him

was delivered to his attorney.    On Pond there was service by publication only, but not by mailing, as his residence could not be discovered.    But the Code gives him only the twenty days after publication to appear and *answer;* and if he needed more, or his attorney needed another copy of the complaint, he should have applied to the court for such relief.

Both parties treat the case as one of mere practice, and it is decided accordingly, that the plaintiff is entitled to judgment, without prejudice to any right of defendants, on showing cause, to apply to be let in to defend on the merits.