Downer *v.* Mellen.

CUTTER DOWNER and others *vs.* CHARLES MELLEN and others.

The defendants being non-residents, the service of the summons was by publication. Before the time for answering expired, the defendants appeared by attorney, and demanded a copy of the complaint, which the plaintiffs' attorneys declined to serve. Subsequently, and after the time to answer had expired, on the theory of service by publication, but before the expiration of twenty days from the appearance by attorney, judgment in favor of the plaintiffs was entered by the clerk, without notice, and without any application to the court, under subdivision 3 of section 246 of the Code of Procedure, or proof of the demand sued on, or inquiry as to payments thereon. *Held* that the judgment was irregularly entered.

*Held, also,* that if the plaintiffs intended to treat the appearance by attorney as a waiver of the service by publication, and as equivalent to personal service, they should have waited twenty days after the appearance by attorney, before entering judgment.

*It seems* that a defendant served by publication may appear by attorney, for the mere purpose of being entitled to notice of the application and proceedings, under subdivision 3 of section 246 of the Code.

APPEAL from an order made at a special term, denying a motion to set aside a judgment as irregularly entered.

*Geo. R. Thompson,* for the plaintiffs.

*W. Stanley,* for the defendants.

SUTHERLAND, J.   The defendants in this case were non-residents, and the service of the summons was by publication. *Before the time for answering expired,* the defendants appeared by attorney, and demanded a copy of the complaint, which the plaintiffs' attorneys declined to serve. Subsequently, and after the time to answer had expired, on the theory of service by publication, *but before the expiration of twenty days from the appearance by attorney,* judgment for $20,346.14 was entered in favor of the plaintiffs by the clerk, without notice, and without any application to the court, under subdivision 3 of section 246 of the Code, and without any proof of the demand mentioned in the complaint, or any inquiry as to any payments that might have been made on account of the demand.

In my opinion the judgment was irregularly entered.

The appearance of a defendant by attorney may be equivalent to personal service, where there is no personal service, or service by publication ; that is, the appearance by attorney may be substituted for, or take the place of, a personal service, or of a service by publication, but it does not follow, where the summons has, in fact, been served personally or by publication, that a subsequent appearance by attorney wipes or sponges out, or waives such actual service, and places the defendant in the same position as if there had been no service.   I have met no case giving countenance to any such doctrine.   There is really no room or occasion for the application of the proposition or principle that an appearance by attorney is equivalent to personal service, or service by publication, where there has, in fact, been such service. In this case the service was by publication.   After the service was complete, but before the time to answer had expired, the defendants appeared by attorney, and demanded a copy of the complaint.   It is not necessary to determine, in this case, whether the defendants' attorneys were or were not entitled to a copy of the complaint.   It is to be presumed, that they were authorized to appear for the defendants, and

they did so appear *before the time to answer had expired;* and if this appearance did not and could not abrogate, wipe out, or waive the service by publication, so that the case stood as though there never had been any service by publication, I cannot see how the plaintiffs could regularly obtain judgment without complying with subdivision 3 of section 246 of the Code.

The judgment was, in fact, entered for want of an answer, after service by publication, not for want of answer after appearance by attorney, received as equivalent to, or as a substitute for, service by publication. The judgment roll shows this.

How could the plaintiffs avail themselves of the service by publication to make out a default for want of an answer, and yet, on this motion, insist that the appearance by attorney was equivalent to personal service, or service by publication. If the plaintiffs intended to treat the appearance by attorney as a waiver of the service by publication, and as equivalent to personal service, *they should have waited twenty days after the appearance by attorney before entering judgment.* They did not so wait, but entered the judgment for want of answer, on the theory of service by publication, *before the expiration of twenty days from the appearance by attorney.*

It is not necessary to decide, in this case, whether the defendants' attorneys should have notice of the application to the court, and of the proceedings under section 246 of the Code, subdivision 3; but I will say that I do not see why they were not entitled to such notice. I do not see why a defendant, served by publication, should not and cannot appear by attorney, for the mere purpose of being entitled to notice of the application and proceedings, under subdivision 3 of the section of the Code last referred to.

It is strange that the counsel for the plaintiffs should have cited *Mackay* v. *Laidlaw,* (13 *How. Pr.* 129,) to sustain his position in this case; for it appears, from the report of the case, that it was an application *to the court for judg-*

Downer *v.* Mellen.

*ment, after service by publication,* and as the motion was opposed by counsel, the presumption is, that the attorney, who had appeared for the defendants, had notice of the application.

It is not necessary to decide whether the facts stated in the complaint, in the principal case, do or do not constitute a cause of action ; nor whether that question can regularly and properly be determined, on application for judgment, under subdivision 3 of the section of the Code referred to ; for I think what has been said shows that the judgment should be set aside as irregular, on the ground that application was not made *to the court* for judgment, under the subdivision of the section of the Code referred to, nor any of the requirements of that subdivision complied with.

The order appealed from should be reversed, and the judgment set aside, with $10 costs.

CLERKE, J. concurred.

LEONARD, P. J.  I concur, upon the ground, alone, that no application was made to a judge, and no proof made of the demand, before the court, under subdivision 3 of section 246 of the Code.

As to the other questions involved, see opinion of Judge FULLERTON, in *Smith* v. *Mellen and others,* decided in November, 1867.

Judgment set aside.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Sutherland* and *Clerke,* Justices.]