# CORN EXCHANGE NATIONAL BANK *v.* KIM-BALL.

## *N. Y. City Court, Special Term ; November,* 1886.

1. *Stay of proceedings.*] A stay of proceedings coupled with an extension of time to answer, precludes plaintiff from moving to vacate the extension pending the stay.

2. *Security for costs and extension of time ; affidavit of merits.*] It *seems* that an affidavit of merits on the part of a defendant is not requisite to the sustaining of either a stay of plaintiff's proceedings until he should give security for costs, or an extension of time to answer, meanwhile.

Motion to vacate an extension of time contained in a stay pending an order to file security for costs.

McAdam, C. J.—The plaintiff is a foreign corporation doing business in the State of Pennsylvania. The defendant after having been served with process obtained an order requiring the plaintiff to file security for costs, etc., with a stay until security was given, and the same order extended the defendant's time to answer. The present application is to vacate the extension of time because there is not a proper affidavit of merits annexed to the papers.

The stay originally granted is still in force, and the

defendant objects that the present motion is a violation thereof.

The Code entitles a defendant, as of right, to security for costs in all cases in which the plaintiff is a foreign corporation or non-resident (§ 3268). In a proper case, the court must make an order requiring security or a deposit in lieu of it, with a stay of all other proceedings on the part of the plaintiff, except to review or vacate the order (*Code Civ. Pro.* § 3272). Wait in his Practice (vol. 2, p. 573), lays it down as a rule that the defendant is entitled to the order, if he proves, by affidavit, the liability of the plaintiff to file security, and gives the proper form of affidavit required to obtain the order and stay. I find nothing in the statute or rules of practice which requires the defendant to prove merits, as a condition of obtaining the order or stay. The order when granted, both by force of the Code (§ 3272) and its own terms, effectually stayed all proceedings on the part of the plaintiff except to review or vacate the order for security.

The present motion, however, does not seek to review or vacate that part of the order in regard to security, but an independent provision of it extending time. If the extension had been granted in the form of a separate order, it could not have been attacked while the statutory stay was in force. The circumstance that the extension is contained in the order requiring security does not change the legal status of the parties. The plaintiff had no right to move in violation of the stay, and for this reason and without considering the merits of the application, the motion will be denied, with $10 costs to abide the event.