SKINNER *v.* SKINNER.

*(Supreme Court, Special Term, New York County.* February 26, 1887.)

PRACTICE IN CIVIL CASES—SERVICE OF PAPERS—COMPLAINT.
Under Code Civil Proc. N. Y. § 479, which provides that if a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, either within or without the state, his attorney may, "at any time within 20 days after service of summons is complete," serve on plaintiff's attorney a written demand for a copy of the complaint, a non-resident defendant, to whom copies of the summons and of the complaint were personally delivered before the service by publication was complete, is not entitled, after completion of such service, to demand a copy of the complaint.

At Chambers. On motion for reference.
*George W. Carr,* for plaintiff. *Stickney & Shepard,* for defendant.

ANDREWS, J. An order for the publication of the summons in this action was made on November 16, 1886. The summons and complaint were personally served upon the defendant at Boston, Mass., on December 6, 1886. On February 7th the defendant appeared, through her attorneys, and demanded a copy of the complaint. The plaintiff now moves for an order of reference, claiming that the defendant is in default for want of an answer. Section 441 of the Code provides that, for the purpose of reckoning the time within which a defendant must appear or answer, service by publication is complete, at the expiration of the time prescribed for publication, reckoning from the first publication; and service made without the state is complete from the expiration thereafter of a time equal to that prescribed for publication. Section 479 of the Code provides that if a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, either within or without the state, his attorney may, at any time within 20 days after the service of the summons is complete, serve upon the plaintiff's at-attorney a written demand of the copy of the complaint. This is the only provision of the Code which authorizes a defendant to demand service of a copy of the complaint, and such demand is authorized by this section in those cases only in which a copy of the complaint has not been delivered at the time of a delivery of a copy of the summons, either within or without the state. As a copy of the complaint was delivered with the summons in this case, I am of the opinion that the defendant is in default for want of an answer, and that the motion for a reference should be granted, without prejudice to the right of the defendant to apply to open the default, and defend the action, if she sees fit to do so.