### VAN ZANDT *v.* VAN ZANDT *et al.*

(*Supreme Court, Special Term, New York County.* July, 1889.)

PRACTICE IN CIVIL CASES—SERVICE OF PAPERS—STIPULATIONS.

Where defendants appear, and demand a copy of the complaint, which is served accordingly, and counsel for the parties then agree that defendants have 20 days from the service of the complaint, under the demand, within which to answer, such agreement of counsel is a binding stipulation, though a copy of the complaint had theretofore been served on defendants, and they were not entitled to the second copy so demanded. ·

At chambers. Action by William T. Van Zandt individually, and as executor of the will of Thomas Van Zandt, against Leopold Van Zandt, Marie A. Van Zandt, and Isabel Sanford, for an interpleader as to the conflicting claims of Marie, the divorced wife of Leopold Van Zandt, and Mrs. Sanford, his grantee, to property of Leopold Van Zandt derived under the will of Thomas Van Zandt, deceased. Leopold Van Zandt and Isabel Sanford having· been summoned by publication, and a copy of the complaint and summons having been sent to them by mail, they appeared by attorney, and demanded copies of the complaint, which were served accordingly. It was then agreed by the attorneys for the parties·that defendants had 20 days after such service to answer. ˙ Defendants now move to compel plaintiff to accept a demurrer served by them within the 20 days, and returned on the ground that it was not served within the time limited by law. For decision on demurrer, see 7 N. Y. Supp. 706. ·

*A. Jacobson,* for plaintiff. *A. C. Frasioli,* for defendants.

O'BRIEN, J. Section 479 of the Code provides that if a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, either within or without the state, his attorney may, at any time within 20 days after the service of the summons is complete, serve upon plaintiff's attorney a written demand of a copy of the cómplaint, which must be served within 20 days thereafter. The case of *Skinner* v. *Skinner,* 9 N. Y. Supp. 60, decided by Mr. Justice ANDREWS, holds that where the summons and a copy of the complaint were served without the state upon the defendant personally, the defendant was not entitled to demand service of a copy of the complaint. In the case of *Mackay* v. *Laidlaw,* 13 How. Pr. 129, (decided under section 130 of the Old Code,) it was held, under the language of that section, that the only case in which the Code expressly authorizes a defendant to demand a copy of the complaint, and gives him 20 days after to answer it, is where there has been personal service of the summons, but no copy of the complaint has been served with it. This old section 130 was amended in 1877, and subsequently by the adoption of the new Code. It seems to me that this case of *Mackay* v. *Laidlaw* is inconsistent with the language of the present section 479. The view of Mr. Justice ANDREWS is

undoubtedly correct, that where a copy of the complaint is served upon the defendant, within or without the state, he is not entitled, upon appearing, to demand service of another copy. Where, however, the summons is served by publication, and a copy of the complaint is not served, within or without the state, and the defendant appears before the service was completed, he is entitled to receive a copy of the complaint; otherwise, no provision is made for a person, not personally served, who appears, and demands a copy of the complaint, by which he can obtain a copy of the same. However, so far as the motion is concerned, the affidavit of the former attorney of the plaintiff shows that the notice of appearance served on behalf of the defendant, with a written demand therein incorporated, requiring service of a copy of the complaint, were accepted by him. The defendant's time to plead was thus fixed by stipulation between the attorneys, and I do not see how the present attorney can repudiate this action. It was competent for the attorneys to stipulate, and it necessarily superseded, so far as inconsistent therewith, the service of the summons and complaint by publication. As a question of practice, therefore, I am inclined to accept the defendant's view, but for the purposes of this motion the stipulation made between the attorneys is conclusive upon the plaintiff; and the return of the demurrer, upon the ground that it was not served in time, cannot be upheld. The motion, therefore, to compel plaintiff to accept the pleading served and returned is granted. No costs.