It is true that a theatrical manager owes no duty to the public to give performances, and that, beyond the return of any money paid in advance for seats, he incurs no liability, should he see fit to discontinue for a time, or altogether abandon, attractions already announced. He may even refuse to sell tickets to some applicants, while freely disposing of them to others, provided such discrimination is not on account of race, color, etc. (Pen. Code, § 383); but, conceding him all these rights, they cannot be held to excuse agreements between a number of managers to the prejudice of an individual or a class of individuals. There are, unquestionably, many purposes for which persons engaged in the same general line of affairs may lawfully combine; but, when the purpose of the combination is of a character to affect prejudicially the interests of others, then acts which may be within lawful bounds when done by an individual may become criminal if done in pursuance of a common agreement by a number of individuals. Thus it has been held that a spectator may lawfully hiss an actor, but that it is otherwise if several persons go to a performance with a common understanding for such purpose. Clifford v. Brandon, 2 Camp. 357. It is as much conspiracy to agree to do lawful acts by unlawful means as it is to agree to do unlawful acts; and, tested by the character of the act contemplated, the agreement becomes often of itself the unlawful means.

The possession of a ticket is evidence, to some extent, of the existence of contractual rights and obligations between its holder and the manager of a theater (Collister v. Hayman, 183 N. Y. 250, 76 N. E. 20); and an agreement or understanding to ignore or repudiate such contract, and to deprive the holder of his right "to occupy a seat and witness the performance," without showing any breach of condition on his part, may consititute an actionable wrong (Lumley v. Gye, 2 El. & Bl. 216). The findings essential to the validity of the commitment, to wit, that a crime has been committed, and that probable cause existed to believe the defendant guilty thereof (Code Cr. Proc. § 208), are supported by evidence; and the discretion of the magistrate cannot be reviewed upon habeas corpus proceedings.

Writ dismissed, and relator remanded. Order to be settled upon notice to all parties represented at hearing.

Writ dismissed, and relator remanded.

---

(49 Misc. Rep. 334.)

### KINLEY v. AMERICAN HARDWARE MFG. CO.

(Supreme Court, Special Term, New York County. February, 1906.)

PLEADING—EXTENDING TIME TO ANSWER.

> Where rules of practice, No. 24, provides that no order extending the defendant's time to answer shall be granted, unless the applicant complies with certain conditions, a provision extending defendant's time to answer or demur, contained in an order requiring plaintiff to file security for costs, founded on papers not complying with such rule, will be stricken out on motion.

Action by Ernest V. Kinley against the American Hardware Manufacturing Company. Motion to set aside extension of time to answer in an order for security of costs. Granted.

G. W. Simpson, for the motion.
Relyea & Bunnell, opposed.

GILDERSLEEVE, J. This motion presents a somewhat peculiar state of affairs. The defendant was served with process without the state, under an order of publication, on February 24, 1905. It appeared in the action by the service of a notice of appearance and a demand for the service of a copy of the complaint on March 13, 1905. Thereafter, and on March 15, 1905, defendant procured an order ex parte requiring plaintiff to file security for costs as a nonresident, and extending defendant's time to answer or demur twenty days from the time when such security should be filed. On March 17, 1905, plaintiff filed the security. This motion is made by the plaintiff to strike out of said order of March 15th the provision for the extension of time to answer, on the ground that the affidavit upon which said order was granted did not comply with the requirements of rule 24 of the general rules of practice. No copy of the complaint has yet been served since the service of the demand therefor of the defendant on March 13th. The defendant claims that inasmuch as a notice of appearance and demand for a copy of the complaint were served, the defendant's time to answer does not commence to run until its attorneys have been served with a copy of the complaint, citing Sanders v. People's Ice Co., 44 Misc. Rep. 171, 89 N. Y. Supp. 785. Were this so, the provision in the order, which makes the time commence to run from March 17th, might be treated as irregular, if not an absolute nullity. But the learned counsel for defendant has fallen into a misconception upon this point. It has been held that a defendant served by publication may, before the service is completed, appear and demand a copy of the complaint, if one has not been delivered to him personally, notwithstanding one was served on him by mail; and his time to answer runs from the time of the service of the copy of the complaint in compliance with such demand, unless otherwise fixed by stipulation. Van Zandt v. Van Zandt, 23 Abb. N. C. 328, 10 N. Y. Supp. 200. But in the case at bar process was served personally on defendant without the state, and it has been held that where the summons and complaint are personally served, even without the state, under an order for service by publication the attorney for defendant so served has not a right, on appearing, to demand another copy of the complaint. Skinner v. Skinner, 23 Abb. N. C. 327, 9 N. Y. Supp. 60. We must, therefore, look into the merits of the objections to the sufficiency of the affidavit upon which the order of March 15th was granted, so far as the extension of time to answer is concerned. Because the order in question also directs the filing of security for costs, with a stay of proceedings on plaintiff's part until such filing, I do not see in this any reason for a noncompliance with rule 24, so far as the extension of time is concerned. The language of the rule is unmistakable. It says: "No order extending a defendant's time to answer or demur shall be granted unless" the applicant complies with certain conditions. It is conceded in the case at bar that defendant has not complied with those conditions. The defendant's counsel cites Bronson v. Freeman, 8 How. Prac. 492, which was decided in 1853, long prior to the taking of effect of the said provi-

sions in rule 24. The case of Corn Exchange Bank v. Kimball, 20 Abb. N. C. 290, a decision of the City Court of New York, is not binding here. The same is true of the case of Worthington v. Warner, 19 Abb. N. C. 266. In the case of First National Bank v. Ranger, 14 Civ. Proc. R. 1, a Special Term decision of the Supreme Court, Mr. Justice Andrews simply held that "it is extremely doubtful whether the order extending defendants' time to answer was void, and whether plaintiff had a right to disregard it merely because no affidavit of merits was presented." In the case at bar there is no attempt to disregard the order or look upon it as void; but simply to have stricken out as irregular and improper the extension of time, because of the defects of the affidavit in not responding to the requirements of rule 24. The defendant's time to answer does not expire for 6 weeks and 20 days from February 24, 1905, when the summons and complaint were personally served without the state. Market National Bank v. Pacific National Bank, 89 N. Y. 397; Code Civ. Proc. §§ 440, 441, 520. If, at the expiration of that period, defendant requires additional time, it can apply for an extension upon proper affidavits; but the extension granted in the order of March 15th is not regular, and should be stricken out.

Motion granted. No costs.