## CHARLES E. CROUSE AND ANOTHER, RESPONDENTS. v. FREDERICK REICHERT, APPELLANT.

*Judgment by default — twenty days must elapse after a complaint has been demanded and served — the service of a complaint as a part of attachment papers, not sufficient.*

An action was begun on December thirteenth by the service of a summons and notice under section 419 of the Code of Civil Procedure. An attachment was granted upon the complaint and certain affidavits on December sixteenth, and these papers were served upon that day. On December thirty-first the defendant served a notice of appearance and demanded a copy of the complaint. On January sixth the plaintiff entered judgment.

*Held,* that the judgment was irregular.

That it should not have been entered until twenty days after the demand for a copy of the complaint had been complied with.

That the service of the complaint as a part of the attachment papers was not such a service of it as the defendant was entitled to under the Code.

APPEAL by the defendant Frederick Reichert from an order, entered in the office of the clerk of Onondaga county on the 26th day of January, 1891, denying a motion to vacate a judgment in favor of the plaintiffs and against the defendant.

*Homer Weston,* for the appellant.

*J. E. Newall,* for the respondents.

PER CURIAM:

This was an appeal from an order denying a motion to set aside and vacate the judgment entered herein July 6, 1891. The summons and notice provided for by section 419 of the Code of Civil Procedure were served on December 13, 1890. On the 16th day

of December, 1890, an attachment was granted on the complaint and certain affidavits furnished by the plaintiffs, and it was served on that day. On December 31, 1890, the defendant served a notice of appearance and demanded a copy of the complaint, as provided for by section 479. No copy of the complaint was served in pursuance of such demand. On January 6, 1891, twenty days after the service of the attachment papers, which included a copy of the complaint, judgment was entered. The only question involved on this appeal is whether the service of the attachment papers, which included a copy of the complaint, was a sufficient service of the complaint to permit the plaintiffs to enter judgment in disregard of the defendant's demand for a copy thereof.

In *Sweet* v. *Sanderson Brothers Steel Co.* (6 Civ. Pro. Rep, 69), MERWIN, J., held, that where a complaint was served two days after the summons, and before the defendant appeared, the plaintiff acquired no rights thereunder, and that the service should be set aside. In *Paine* v. *McCarthy* (1 Hun, 78), the summons was served on June seventeenth, the complaint was served June nineteenth, the defendant served no notice of appearance, judgment was entered July eighth, and it was held regular, thus in effect holding that the defendant could have no advantage from the service of the complaint at a later date. The same doctrine seems to have been held in *Van Pelt* v. *Boyer* (7 Howard, 325). It would seem that the service of the complaint in this action was not sufficient, as it was not served with the summons nor after the defendant had served his demand. Moreover, it was not served as a complaint in the case, but only as a part of the papers on which the attachment was issued; hence we are of the opinion that the judgment was irregular and should have been set aside.

Present — MARTIN, P. J., and MERWIN, J.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.