ALVIN D. WALLACE, Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

*Notice of trial — a service thereof on the same day, but before the answer is served, is unauthorized — the rule as to disregarding fractions of days and rule 24 of the General Rules of Practice have no application to the case.*

Under the provisions of section 977 of the Code of Civil Procedure, enacting that "At any time after the joinder of issue, and at least fourteen days before the commencement of the term, either party may serve a notice of trial," the service by the plaintiff of a notice of trial of an action on the afternoon of the last day before the Trial Term upon which it can be served under that section, and the day on which the defendants' time to answer expires, and six hours before the answer is served by mail, is unauthorized.

The rule that the law does not regard fractions of days does not apply to such a case, the statute not permitting service of a notice of trial to be made until after the joinder of issue.

Nor does rule 24 of the General Rules of Practice, providing that where an extension of time to answer is given, the date of the issue shall be as of the time when the answer would have been served had no extension been granted, affect the question.

APPEAL by the defendant, The Syracuse, Binghamton and New York Railroad Company, from an order of the Supreme Court, made at the Cortland Trial Term and entered in the office of the clerk of the county of Cortland on the 26th day of January, 1898, denying the defendant's motion to strike the cause from the calendar of the January Trial Term.

The defendant's time to answer, which had been extended by order, expired on the 10th day of January, 1898. At two o'clock in the afternoon of that day, and before the service of an answer, the plaintiff served a notice of trial for the Cortland Trial Term appointed to be held on the 24th day of January, 1898, which the defendant forthwith returned to plaintiff's attorneys upon the ground that the issue had not then been joined in the action. Thereafter, at eight o'clock in the evening of January tenth, the answer was served by mail. There was no other notice of trial served. The cause was placed by the plaintiff on the calendar of the Cortland Trial Term which convened on the 24th day of January, 1898. The defendant, on an affidavit showing the above state of facts, moved

to strike the cause from the calendar. The motion was denied, and from the order thereupon entered the defendant appeals.

*Julie R. Jenney,* for the appellant.

*Nathan L. Miller,* for the respondent.

PER CURIAM :

Section 977 of the Code of Civil Procedure provides that " At any time *after the joinder of issue,* and at least fourteen days before the commencement of the term, either party may serve a notice of trial." Under the provisions of this section the procedure of the plaintiff in attempting to serve a notice of trial before the defendant had served its answer was unauthorized. At the time of such attempted service no issue had been joined, and there was no issue to be noticed for trial. The defendant's attorneys, therefore, were authorized to return the notice as they did at three o'clock in the afternoon of the day of its service. On their refusal to receive the paper and its return, the notice of trial being unauthorized by the provisions of section 977 of the Code of Civil Procedure, it had no more force or effect than if service thereof had not been made or attempted.

After the return to the plaintiff's attorney of the notice of trial, at eight o'clock in the evening of January tenth, issue was joined by the service of defendant's answer. No notice of trial was, therefore, served by the plaintiff. We are of opinion that the cause could not have been brought to trial on the notice served before the joinder of issue, and which the defendant had properly refused to receive, and had returned to plaintiff's attorneys.

Counsel for the respondent invokes the principle " That the law does not regard fractions of a day ; " that the answer having been served on the 10th day of January, 1898, and the notice of trial on the same day, it does not matter at what hour of the day said notice was served. But the principle invoked will not be allowed to nullify the plain provisions of the statute. Section 977 of the Code of Civil Procedure only allows the service of a notice of trial *after* the joinder of issue. There is no ambiguity in the statute. Its terms are plain and clear. Courts will take notice of the fractions of a day " when there are conflicting rights, for the determination

of which it is necessary for them to do so." (*Prentiss* v. *Bowden*, 8 Misc. Rep. 420; 145 N. Y. 342; *Marvin* v. *Marvin*, 75 id. 240.)

The provisions of Supreme Court Rule 24, which provides that where there is an extension of time to answer, as in this case, the date of the issue shall be as of the time when the answer would have been served had no extension been granted, does not affect the question under consideration. The object of the rule is to allow a plaintiff, where extensions have been granted, to retain his proper place on the calendars of trial courts. Notwithstanding the rule, when the plaintiff attempted to serve his notice of trial, this cause was not at issue and such service was unauthorized by the provisions of the statute.

The order should be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements.