(44 Misc. Rep. 171.)

SANDERS v. PEOPLE'S CO-OP. ICE CO. et al.

(Supreme Court, Special Term, New York County.  June, 1904.)

1. PLEADING—TIME TO ANSWER.

Where defendant has been served by publication, if a copy of the complaint has not been served on him personally, though one has been served by mail, he may appear before the service is complete and demand a copy, and his time to answer runs from the time of the service of the complaint in compliance with such demand.

2. TRIAL—NOTICE OF TRIAL.

Where, after plaintiff has served notice of trial on a defendant served by publication, service of the complaint is made, the case is not at issue, and will be stricken from the calendar on defendant's motion.

Action by Albert Sanders, as trustee, against the People's Co-operative Ice Company and others. Motion to strike cause from the calendar, and cross-motion for a preference. Motion denied, and cross-motion granted.

Truax, Watson & Roberts, for plaintiff.
Frederick A. Gill, for defendants.

GILDERSLEEVE, J.   The defendant Rich was served with process by publication, and a copy of the summons and complaint was mailed to him at his residence in Baltimore on or about February 29, 1904. The service of the summons by publication and mailing was completed on April 23, 1904. The day previous, i. e., on April 22, 1904, the defendant served notice of appearance and demand of a copy of the complaint. On May 23, 1904, plaintiff served notice of trial and motion for a preference, and on May 26, 1904, a copy of the complaint was served on defendants' attorney. The latter moves to strike the cause from the calendar on the ground that it was not at issue at the time of the service of the notice of trial, and that said notice was absolutely void and of no effect.

The plaintiff claims that the mailing of the complaint constituted a service of the same, and the subsequent personal service on the defendants' attorney was unnecessary, and that, in any view, the defendant waived the objection by not returning the notice of trial.  A defendant, served by publication, may, before the service is completed, appear and demand a copy of the complaint, if one has not been delivered to him personally, notwithstanding one was served on him by mail; and his time to answer runs from the time of the service of the copy complaint in compliance with such demand, unless otherwise fixed by stipulation. Van Zandt v. Van Zandt (Sup.) 10 N. Y. Supp. 200, per O'Brien, J. The defendant's time to answer, therefore, did not commence to run until the personal service of the complaint on May 26, 1904, three days after the service of the notice of trial.  When the plaintiff attempted · to serve his notice of trial, this cause was not at issue, and such service was unauthorized by the provisions of the statute.  Wallace v. Syracuse, B. & N. Y. R. R. Co., 27 App. Div. 459, 50 N. Y. Supp. 329.

While it is true that a mere irregularity can be waived by the retention of the defective paper, that rule does not apply here, for the reason

¶ 1. See Pleading, vol. 39, Cent. Dig. § 172.

that the notice was not only irregular, but absolutely void. At the time of the service of such notice there was no issue between plaintiff and defendant Rich to be noticed for trial, and the notice had no more force or effect than if service thereof had not been made or attempted. Wallace v. R. R. Co., supra. The objection of the defendant, under the circumstances, seems somewhat technical, and it operates as a hardship upon the plaintiff; but I see no other way than to grant the motion to strike the cause from the calendar. The other motion for a preference must necessarily be denied.

Motion to strike cause from the calendar granted, and motion for a preference denied.