## SMITH v. MARTIN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

RECORDS (§ 9*)—REGISTRATION OF TITLES—ANSWERS BY ABUTTING OWNERS.
　　An order vacating, on motion of plaintiff, in an action for registration of title, an order allowing a defendant, owning premises adjoining those of plaintiff, with a party wall between them, through the center of which the complaint alleges plaintiff's line runs, to appear and answer, should be affirmed on condition of plaintiff stipulating that any judgment entered, and any certificate of registration issued, shall contain a recital that it is without prejudice to any rights of said defendant; the answer proffered by him not showing that he has any interest adverse to that of plaintiff, as alleged in the complaint, and not containing any defense

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

based on his ownership of an easement in the party wall, and not asking any affirmative relief.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, King's County.

Action by Irving T. Smith against Marion S. I. Martin and others. From an order, defendant Gaetano De Nicola appeals. Affirmed, on condition.

See, also, 69 Misc. Rep. 108, 124 N. Y. Supp. 1064.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William Bell Wait, Jr., for appellant.

Gilbert Ray Hawes (Matthew J. Wheelehan, on the brief), for respondent.

THOMAS, J. This is an appeal from an order vacating, upon motion, an ex parte order allowing the appellant to appear and answer in an action for registration of title. Smith, plaintiff, and Nicola, appellant, own adjoining premises, with a party wall between. The complaint alleges that the plaintiff's line runs through the center of the party wall. Nicola in his affidavit nowhere states that he owns any interest in the premises, or that the line runs through the party wall, otherwise than stated in the complaint, and gives no reason whatever for becoming a party, save "the judgment in this action must necessarily determine the location of said boundary line in respect to said party wall," etc. In his answer he makes denials upon information and belief as to many of the material allegations of the complaint; but he does not show that he has any interest justifying such denials, or that he has any interest whatever adverse to the interest of the plaintiff as alleged in the complaint. Indeed, the only interest that Nicola alleges is "that this defendant has a party wall easement in said property herein sought to be registered," which conforms precisely to the right ascribed to him in the complaint.

In Duffy v. Rodriguez, 139 App. Div. 755, 124 N. Y. Supp. 529, this court decided that, where an abutting owner was made a party, a cause of action was not stated by an allegation only that he was an abutting owner. In the present case Nicola is something more than an abutting owner. He owns an easement in the party wall, and the answer which he proffers does not contain a defense based upon such ownership, nor does it ask for any affirmative relief, and he should not be allowed to appear for the purpose of serving such answer. If it were merely a question whether he should be allowed to appear in the action to watch his interests, his application might be justified, because, although the complaint correctly sets forth his interest in the party wall, Nicola would have a right to appear and see to it that the judgment accorded with the pleading. But he asks to come in and serve the answer, which is obviously to make trouble and delay in some interest other than his own. As it is, the judgment, whatever it may be, cannot estop him, as he is excluded from the record upon the plaintiff's motion.

The order should be affirmed, upon condition that plaintiff stipulate that any judgment and order that may be entered in this action, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any certificate of registration of title that may be issued in connection therewith, shall contain a recital that it is without prejudice to the rights, if any, of the said Gaetano De Nicola.

Order modified, in accordance with opinion of THOMAS, J., and, as so modified, affirmed, without costs. All concur, except CARR, J., not voting.