HAWES v. UNITED STATES TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

1. RECORDS (§ 9*)—LAND TITLE—REGISTRATION—PARTIES—ABUTTING OWNERS —EASEMENTS.

     While an abutting owner, as such, is not a necessary party to an action to register title to real property authorized by Real Property Law (Consol. Laws, c. 50) §§ 371, 379, 380, 383, 389, 391, 400, such sections require that all persons having an interest in property by way of easement or otherwise be made parties, and that, so far as ascertainable, it is plaintiff's duty to name them.

     [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLE—JUDGMENT—CONCLUSIVENESS.

     Real Property Law (Consol. Laws, c. 50) § 400, provides that a person who receives a certificate of title pursuant to a judgment of registration, except in case of fraud, to which he is a party, and a purchaser of registered real property who takes a certificate of title for value and in good faith, shall hold the same free from all incumbrances, except those noted on the certificate in the register's office, and any easement or servitude which accrues against the property after initial registration in such manner as not to require registration. Held, that where an abutting property owner claimed an easement in the property, title to which was sought to be registered to the extent of a right of support to a party wall, and was not made a party to the registration proceedings, he was not bound to rely on the nonconclusiveness of the judgment as against him because of his nonjoinder, but was entitled to appear in the action and assert his easement under section 389, providing that any person interested, whether specifically named as a defendant or not, may enter his appearance, and oppose the application for registration or set up a cross-demand to have the title registered in his own behalf.

     [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE—NOTICE OF APPEARANCE—SERVICE.

     Under Real Property Law (Consol. Laws, c. 50) § 389, providing for the appearance of parties adversely interested in title registration proceed-

ings, the filing of notice of appearance after the answer with the registrar and service of copies thereof on the plaintiff's attorney would be effectual; service upon the attorney alone being probably sufficient.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—TITLE REGISTRATION—PARTIES—PERSONS ENTITLED TO AP-
   PEAR.
   Real Property Law (Consol. Laws, c. 50) § 389, authorizing appearance in title registration proceedings by persons adversely interested, was not intended to be limited in its application to persons desiring to oppose the application for registration, or to set up a cross-demand to have the title registered in their own behalf, but allows any person interested in the property or whose interests may be affected by the judgment in the action to appear and interpose an answer, setting up the precise interest in the property claimed.

   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

5. RECORDS (§ 9*)—TITLE REGISTRATION PROCEEDINGS—APPEARANCE DENIED.
   An objection to an appearance in title registration proceedings that the time for all the defendants to answer or demur had expired was not a reason for denying a motion for leave to appear, but was mere grounds for an application to the court.

   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

6. RECORDS (§ 9*)—REGISTRATION PROCEEDINGS—APPEARANCE.
   Where a motion to appear in title registration proceedings was opposed on the ground that the moving party was not entitled to appear, and pending the hearing of the motion a notice of his appearance was returned, such facts furnished a sufficient reason for granting the motion, whether it was necessary to authorize the appearance or not.

   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

7. RECORDS (§ 9*)—REGISTRATION PROCEEDINGS—RIGHT TO APPEAR—MOTIVE.
   Where petitioner had an absolute right to appear in title registration proceedings, his motive in applying for leave to appear was immaterial.

   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

8. RECORDS (§ 9*)—REGISTRATION PROCEEDINGS—RIGHT TO APPEAR—ENTRY OF
   JUDGMENT.
   Where petitioner had an absolute right to appear in title registration proceedings, plaintiff could not defeat such right by the entry of judgment, pending the resettling of an order, denying the motion.

   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Gertrude D. Hawes against United States Trust Company of New York and others. From an order as resettled denying the motion of Samuel J. Clarke for leave to intervene, he appeals. Reversed and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, CLARKE, and DOWLING, JJ.

Wm. B. Wait, Jr., for appellant.
Gilbert Ray Hawes, for respondent.

MILLER, J. This action was brought to register title to real property pursuant to article 12 of the real property law (chapter 50 of the Consolidated Laws). The appellant is an abutting owner. The boundary line between the plaintiff's and the appellant's property runs through a retaining wall, and to the extent that said retaining wall stands on the plaintiff's premises the appellant claims an interest or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

easement therein. The certificate of the examiner of titles states that there are no persons other than those named in the certificate who have any right or interest in the property, and that there are no easements therein. The appellant is not named as the owner of an adjoining parcel. Pending the hearing of the motion for leave to appear, a notice of appearance on behalf of the appellant was served on the plaintiff's attorney and returned by him on the ground that the appellant was not entitled as a property owner to appear in the action. The appellant does not seek to oppose the registration of the plaintiff's title, but only desires to appear for the purpose of protecting his interests, to the end that he may not be concluded by the judgment of registration. It appeared on the motion to resettle the order of December 2d that the judgment of registration was entered, and the certificate thereof issued on the 9th of December.

The following extracts from the statute are pertinent:

"The proceedings upon such applications shall have the effect of proceedings in rem against the land, and the judgments shall operate directly on the land and vest and establish title thereto." Section 371.

"Except as otherwise specified herein, the complaint (and the summons in the action) shall name as parties to the action all persons having or claiming any right or interest in or lien upon the property, or any part thereof, as shown by the examiner's certificate of title hereinafter described, and such additional parties as may be designated by the court in its order directing the issuance and service of the summons, and the complaint and summons shall have the forms and effects prescribed for them by the code of civil procedure." Section 379.

"Said official examiner's certificate shall set forth the exact state and condition of the title sought to be registered in the action, and the names and post office addresses as far as known or reasonably ascertainable, and the rights or interests, or claimed rights or interests, of the plaintiff and all other persons having or claiming any rights or interests in or liens upon said property or any part thereof, and the names and post office addresses of the owners in fee simple of the surrounding contiguous properties, as far as they are known or can be reasonably ascertained by inquiry on said properties. * * * By the statements of fact contained in said certificate of title, or by separate accompanying affidavits, or by any other or additional evidence, if necessary, stating the facts, or by any or all of these, sufficient facts must be shown to satisfy the court that all owners and claimants of the property sought to be registered, or of any right or interest in or lien upon the same or any part thereof, who could be found by diligent inquiry are duly and specifically named and made parties to the action." Section 380.

"A like cautionary notice [i. e., one requiring written notices to be given of any application for the registration of the title] may be required by the owner of any land, as to the registration of the title of any or all of the land abutting upon his land, with the like proceedings in all respects." Section 383.

"Any person interested in the property, or whose interests may be affected by the judgment in the action, whether specifically named as defendant or not, may enter his appearance and answer the complaint, within the time allowed by this article, or such further time as shall be allowed by the court, and may oppose the application for registration of the property as belonging to the plaintiff, or set up a cross-demand to have the title registered in his own behalf. In either case, he shall state particularly what his interest is and answer the material allegations of the complaint." Section 389.

"The judgment and any order made and entered in an action under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world, whether mentioned and served with the summons and said notice specifically by name,

or included in the description, 'all other persons, if any, having any right or interest in or lien upon said property or any part thereof.'"  Section 391.

"A person who receives a certificate of title pursuant to a judgment of registration, except in case of fraud to which he is a party, and a purchaser of registered real property, who takes a certificate of title for value and in good faith, shall hold the same free from all incumbrances, charges, trusts, liens and transfers, except those noted on the certificate in the registrar's office, and any of the following which may exist.  Fourth. Easements or servitudes which accrue against the property, after initial registration in such manner as not to require their registration."  Section 400.

While an abutter as such is not a necessary party (Duffy v. Shirden, 139 App. Div. 755, 124 N. Y. Supp. 529), the foregoing quotations plainly show that all persons having an interest in the property by way of easements or otherwise are necessary parties, and that, so far as ascertainable, it is the duty of the plaintiff to name them.  The survey in this case shows a wall, standing partly upon the plaintiff's, and partly upon the appellant's abutting property.  So far as appears, the plaintiff knew, or could easily have ascertained, the names of all the abutting owners; and it was the duty of the examiner of titles to state their names.  It is unnecessary now to determine whether, in view of the failure to name the appellant, he will be concluded by the judgment pursuant to section 391, for he was not bound to lie by and take that chance.  Indeed, it would seem to be as much in the interest of the plaintiff as of the appellant that the latter should be made a party, to the end that there may be no doubt of the conclusiveness of the judgment.  At any rate, a party asserting an interest or easement in the premises, title to which was sought to be registered, had the right to appear in the action for the purpose of guarding that interest, and, as he was not made a party by the plaintiff, it was the duty of the court to allow him to appear independently of section 389, presently to be considered.  The case is plainly distinguishable from Smith v. Martin (decided by this court in the Second Department, December 30, 1910, not yet officially reported) 126 N. Y. Supp. 877.  In that case the complaint correctly set forth the interest of the person applying for leave to appear, and the application was made, not for the purpose of protecting that interest, but to raise issues in which he was not interested.  The order vacating the ex parte order allowing the appellant in that case to appear was affirmed on condition that the judgment should contain a recital that it was without prejudice to his rights.  That case, instead of supporting the contention of the respondent, is authority for the proposition that this appellant was entitled to appear for the purpose of setting up his easement in the premises and of having it protected by the judgment.

Moreover, we are of opinion that, if the time to appear and answer had not expired, the appellant was entitled, without leave of the court, to enter his appearance and answer the complaint, pursuant to said section 389.  The statute does not prescribe how the appearance is to be entered, but doubtless the filing of notice of appearance and of the answer with the registrar and service of copies thereof upon the plaintiff's attorney would be effectual.  Indeed, under our practice, service upon the attorney alone would probably suffice.  We do not think that said section was intended to be limited in its application to

persons desiring to oppose the application for registration or to set up a cross-demand to have the title registered in their own behalf, but that it was intended to allow "any person interested in the property, or whose interests may be affected by the judgment in the action," to appear and interpose an answer, setting up precisely what interest in the property was claimed. The appellant did not serve with his moving papers a proposed answer, but he did state the nature of the interest claimed. It is stated in the moving papers that the time for the unknown owners to answer had not expired. In the affidavit of the plaintiff's attorney, filed in opposition to the motion, five specific grounds were stated why the motion should be denied. One of them was that the time for all the defendants to answer or demur had already expired, a reason, not for denying the motion, but for applying to the court. No point was made of the failure to annex the proposed answer. While it may be that the motion was unnecessary, the fact that it was opposed on the ground that the appellant was not entitled to appear, coupled with the fact that, pending the hearing of the motion, a notice of appearance was returned, furnished sufficient reason for granting it.

It is asserted by the plaintiff that the motion was made not in good faith, but in the interest of a title insurance company, for the purpose of delaying the plaintiff. If the appellant had an absolute right to appear, we are not concerned with his motive. Such delay as may now result from the granting of the motion will be largely due to the plaintiff's opposition. The order denying the motion was made before the entry of the judgment. That order was resettled evidently for the purpose of reciting papers read on the motion, not recited in the original order. If the appellant was entitled as a matter of right to the granting of the motion, the plaintiff could not defeat that right by the entry of a judgment, pending the resettling of the order, denying the motion. The question before us is whether the appellant was on December 2d entitled to enter his appearance and answer, setting up his claim to an easement in the premises. We think he was.

For that reason, the order must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.

Wm. Bell Wait, Jr., for appellant.
Gilbert Ray Hawes, for respondent.

