persons desiring to oppose the application for registration or to set up a cross-demand to have the title registered in their own behalf, but that it was intended to allow "any person interested in the property, or whose interests may be affected by the judgment in the action," to appear and interpose an answer, setting up precisely what interest in the property was claimed. The appellant did not serve with his moving papers a proposed answer, but he did state the nature of the interest claimed. It is stated in the moving papers that the time for the unknown owners to answer had not expired. In the affidavit of the plaintiff's attorney, filed in opposition to the motion, five specific grounds were stated why the motion should be denied. One of them was that the time for all the defendants to answer or demur had already expired, a reason, not for denying the motion, but for applying to the court. No point was made of the failure to annex the proposed answer. While it may be that the motion was unnecessary, the fact that it was opposed on the ground that the appellant was not entitled to appear, coupled with the fact that, pending the hearing of the motion, a notice of appearance was returned, furnished sufficient reason for granting it.

It is asserted by the plaintiff that the motion was made not in good faith, but in the interest of a title insurance company, for the purpose of delaying the plaintiff. If the appellant had an absolute right to appear, we are not concerned with his motive. Such delay as may now result from the granting of the motion will be largely due to the plaintiff's opposition. The order denying the motion was made before the entry of the judgment. That order was resettled evidently for the purpose of reciting papers read on the motion, not recited in the original order. If the appellant was entitled as a matter of right to the granting of the motion, the plaintiff could not defeat that right by the entry of a judgment, pending the resettling of the order, denying the motion. The question before us is whether the appellant was on December 2d entitled to enter his appearance and answer, setting up his claim to an easement in the premises. We think he was.

For that reason, the order must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.

---

HAWES v. UNITED STATES TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

Appeal from Special Term, New York County.

Action by Gertrude D. Hawes against United States Trust Company of New York and others to register title to certain land. From an order as resettled, denying the motion of Joseph F. Snipes to enter his appearance and answer the complaint, he appeals. Reversed and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Wm. Bell Wait, Jr., for appellant.
Gilbert Ray Hawes, for respondent.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, without costs, on the authority of Hawes v. United States Trust Company (decided herewith) 127 N. Y. Supp. 632.