### LACHMANN v. BROOKFIELD et al.

(Supreme Court, Special Term, Kings County. October 7, 1911.)

RECORDS (§ 9*)—REAL PROPERTY—TITLE—REGISTRATION—JUDGMENT—NOTICE OF APPEAL.

    Notice of an appeal from a judgment directing registration of title to real property should be filed with the registrar and entered, on the certificate of registration, in the registration book.

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Action by one Lachmann against Kate M. Brookfield and another. On motion for the filing of a notice of appeal from a judgment directing the registration of plaintiff's title to real property. Granted.

Cowing, White & Wait, of New York City, for the motion.
David Senft, of Brooklyn (Meyer Blumberg, of counsel), opposed.

PUTNAM, J. From a judgment directing registration of plaintiff's title defendant has appealed by notice filed with the county clerk and served on plaintiff's attorney. Nevertheless, as the title has been registered, defendant seeks to have her notice of appeal filed

with the register as a cautionary notification to any possible transferee of the certificate.

The 1910 amendments to sections 393, 398, and 410 (Laws 1910, c. 627) of the Law for Registration of Titles tend to relieve the registrar from the custody and record of ordinary papers in the action, which are to be kept by the county clerk. However, after judgment a situation arises · when the evidence of title depends on the certificate and the registrar's notations upon it. Where after judgment on default an interested party would appear under section 389 (Consol. Laws 1909, c. 50), it seems that the fact of his coming into the action should be shown on the records with the registrar. Thus it was said in such cases:

"The statute does not prescribe how the appearance is to be entered, but, doubtless, the filing of the notice of appearance and of the answer with the registrar, and service of copies thereof upon plaintiff's attorney, would be effectual." Hawes v. U. S. Trust Co. No. 1, 142 App. Div. 789, 794, 127 N. Y. Supp. 632, 635.

The design of this system is to vest the title holder with a certificate behind which outsiders need not look, as, towards them, it is forever binding and conclusive. Even the ordinary lien of a judgment upon a debtor's lands thus registered is unavailing unless a record of such incumbrance is filed with the registrar and noted on the certificate. Section 417. The whole registration ˙must stand or fall with the judgment directing it. When this judgment is appealed from, plainly a note of such step, which possibly may overturn the entire proceeding, should be entered where it will inform the public. This must be with the registrar, upon the certificate of registration, in the registration book.

Motion granted, without costs.