<hr />

### HAWES v. CLARK.

### SAME v. SNIPES.

(Supreme Court, Special Term, New York County.  May 28, 1912.)

RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—JUDGMENT—CONCLUSIVE-NESS.

Under Real Property Law (Consol. Laws 1909, c. 50) § 391, as amended by Laws 1910, c. 627, § 11, making judgments of registration binding and conclusive on all persons, a judgment of registration rendered pending an appeal from an order denying intervention by an abutting owner claiming an easement in the premises is binding on him, unless, it is set aside in an action brought for that purpose, thereby enabling him to litigate the issue raised by him as authorized by section 392, and he may not affect the validity of the judgment by filing the order reversing the order denying intervention.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Actions by Gertrude D. Hawes against Samuel J. Clark and against Joseph F. Snipes.  Judgment for plaintiff.

Gilbert Ray Hawes, for plaintiff.
Cowing, White & Wait, for defendants.

DAVIS, J.  These two actions are brought to remove a cloud upon the plaintiff's title, and for damages for defendants' slander of such title.  The plaintiff is the owner in fee of premises No. 244 West 104th street, in the city of New York.  Each of the defendants is an abutting owner directly in the rear of plaintiff's premises, and each claims an easement in the premises of the plaintiff because of an alleged retaining wall separating the plaintiff's premises from those of the defendants, and built partly on the plaintiff's land and partly on the defendants'.  On or about the 30th day of September, 1910, the plaintiff brought an action in this court under the so-called Torrens Land Title Registration Law, entitled Gertrude D. Hawes v. U. S. Trust Co. et al., to register her title to the premises in question. The defendants Clark and Snipes were not made parties defendant in that action, and on or about the 2d day of December, 1910, each applied to this court at Special Term for an order allowing them to intervene as parties defendant and to answer the complaint in the registration action, each claiming to have some right or interest in the alleged retaining wall mentioned above.  The respective motions of Clark and Snipes were denied, and orders to that effect duly entered.  These orders in their resettled form were entered Decem-

ber 20, 1910. Clark and Snipes appealed from the respective orders, and the Appellate Division reversed the orders of the Special Term, holding that they had a right to intervene as parties defendants, and serve their respective answers in said registration action. Hawes v. U. S. Trust Co., 142 App. Div. 789, 127 N. Y. Supp. 632. The orders of reversal were entered February 3, 1911. Notwithstanding the appeals of Clark and Snipes, there being no stays, the plaintiff went on with her registration action, and entered final judgment and decree of registration of her premises on the 7th day of December, 1910, and received her certificate of title registration. On February 6, 1911, the defendants filed with the registrar of the county of New York certified copies of their papers used on appeal, including the orders of reversal, and thus caused the registrar to indorse as memorials upon the certificate of plaintiff's title in his office the following notations:

"6A. Certified copy order reversing order December 2, 1910. Samuel L. Clark, appellant. 6B. Certified copy order reversing order December 2, 1910 Joseph J. Snipes, appellant."

The present action is brought to obtain the removal of these papers from the files of the registrar, and the cancellation of the indorsements based upon them. The plaintiff also claims that the filing was secured in bad faith and maliciously for the purpose of injuring plaintiff's title, in consequence of which she claims to have suffered serious money damage. On the issue of malice, bad faith, and money damage I find against the plaintiff. Upon the remaining issue I find for the plaintiff. I can find no authority for filing the papers in question or for the consequent indorsement upon the certificate of title. The finality of plaintiff's judgment of registration is undoubted. It is "forever binding and conclusive upon * * * all persons in the world. * * *" Section 391, Real Property Law, as amended by Laws of 1910, c. 627, § 11. It is therefore binding upon these defendants notwithstanding the orders reversing the orders of the Special Term. The reversal orders in no way affected or modified that judgment. It continues to be a valid binding judgment as against everybody, including Clark and Snipes, until a court in some action or proceeding brought for that purpose shall set it aside or modify it. In the case at bar the defendants sought to affect the validity and effect of plaintiff's judgment by filing with the registrar their orders of reversal, without bringing any proceeding for that purpose. It was done without giving the plaintiff or any other party to the judgment an opportunity to be heard. I think it was without warrant of law. Had the defendants wished to enforce their rights, they could have brought an action or proceeding to vacate the judgment so as to allow them to serve their answers and litigate the issues raised by them. Section 392, Real Property Law.

Judgment for the plaintiff in accordance with this opinion, with costs in each action. Submit requests for finding, proposed decision, and judgment not later than May 31, 1912.