PEOPLE ex rel. REALTY ASSOCIATES v. O'LOUGHLIN, Registrar.

(Supreme Court, Special Term, Kings County.   July 16, 1912.)

1. RECORDS (§ 9*)—REGISTRATION OF LAND TITLES—PROOF.
   In an action to register a title under the Torrens Act, the plaintiff must prove title by common-law proof, where his allegation of title is controverted by a defendant.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REAL PROPERTY—REGISTRATION—JUDGMENT—NOTICE OF APPEAL.
   Notice of an appeal from a judgment directing registration of title to realty should be filed with the registrar and entered upon the record in his office for the information of intending purchasers or mortgagees.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Application by the People, on the relation of Realty Associates, for mandamus against Edward T. O'Loughlin, as registrar of titles.  Peremptory writ granted.

Cowing, White & Wait, for relator.
Herman N. Hansen, for registrar.
Gilbert Ray Hawes, for Partenfelder.

BENEDICT, J.  This is an application by the Realty Associates against Edward T. O'Loughlin, as registrar of titles in the county of Kings, for a peremptory writ of mandamus, directing the registrar to enter a proper memorial of the relator's appeal from a judgment directing the registration of title to real property upon the original certificate of registration of said property in the registration book in said registrar's office.  The application is opposed by the plaintiff in the registration action.  The relator was not a party to the original action for registration when that action was first begun, but upon its application it was made a party defendant, and the order making it such was affirmed by the Appellate Division.  The relator thereupon served an answer to the complaint in such action, and therein controverted specifically certain of the allegations and statements contained in the plaintiff's certificate of title, abstract, searches, and survey, including the plaintiff's ownership of the premises.  The action was tried, and, at the trial, the plaintiff did not interpose common-law proof of title, despite which fact judgment for the plaintiff was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given. Thereupon the relator appealed from such judgment, and such appeal is now pending.

[1] As I have already expressed the opinion in another case (Barkenthien v. People, reported in 135 N. Y. Supp. 178) that it is incumbent upon the plaintiff to prove title to property in a registration action by common-law proof, when a defendant controverts plaintiff's allegation of title, it seems to me that the statement contained in the affidavit of Mr. Hawes, the attorney for the plaintiff in the registration action submitted in opposition to this application, to the effect "that the appeal now pending on behalf of the said Realty Associates was not taken in good faith, but solely for the purpose of annoying plaintiff and creating obstructions to the operation of the Torrens Law so as to discredit it among property owners and preventing registration of titles thereunder," is unwarranted.

[2] For the reasons set forth in the opinion of Mr. Justice Putnam in Lachmann v. Brookfield (Sup.) 135 N. Y. Supp. 261, I am of the opinion that, where an appeal has been taken and is pending undetermined from a judgment in an action brought for registration, the court not only has the power, but that it is its duty, both to the litigants in such action and to the public, to cause a notation of the pendency of the appeal to be made in the only place where under the act for the registration of titles such a notice would be effectual, and in the only place where an intending purchaser or mortgagee is obliged to look for information respecting the title so registered, namely, upon the record in the office of the registrar. Any other construction would afford opportunities for fraud, and, in the absence of an explicit expression by the Legislature that such a notation should not be made, I will not assume that such was the legislative intention.

The motion for a peremptory writ will be granted. No costs.