(159 App. Div. 65.)

## HAWES v. CLARKE.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. RECORDS (§ 9*)—SCOPE OF REMEDY.

Where plaintiff, in an action to register her title to land, did not make defendant a party to the proceeding although he claimed an easement in the land and successfully opposed his motion for leave to intervene and, pending an appeal therefrom, caused the entry of judgment for registration which did not mention defendant's easement, and after reversal of the denial of leave to intervene defendant filed a memorandum with the registrar showing his right to intervene in the action, plaintiff's remedy is not a suit to quiet title and to strike the memorandum from the records but to serve the complaint in the registration action upon defendant and give him his day in court.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLE—CORRECTION OF RECORD—ACTIONS —QUESTION FOR DETERMINATION.

In a suit to register title to land, plaintiff did not make defendant a party, although he claimed an easement and contested his motion to intervene, procuring a judgment registering the land pending his appeal from an order denying his motion. Thereafter defendant filed a memorandum with the registrar reciting the reversal of the order denying his petition to intervene. Held that, in a suit by plaintiff to quiet her title by striking the memorial from the record, the question to be determined was not the validity of defendant's easement but whether he had the right to intervene and have his day in court.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE—EFFECT—PERSONS BOUND.

In a proceeding to register title to land, a judgment is not binding upon one who claimed an easement therein, where he was not made a party to the action and was denied his day in court by reason of plaintiff's objection to his intervening.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1. RECORDS (§ 9\*)—REGISTRATION OF TITLE TO LAND—PROCEEDINGS.-
   In a proceeding to register title to land where defendant who claimed an easement was not made a party thereto, and the trial court overruled his petition to intervene, the plaintiff, upon the reversal of that order upon appeal, should serve him with a complaint and process, even though defendant had already procured a copy of the complaint.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.\*]

5. QUIETING TITLE (§ 7\*)—CLOUD ON TITLE—UNAUTHORIZED RECORD OF PAPER.
   Papers which the registrar of deeds is without authority to file in his office cannot constitute a cloud on the title of registered.land and will not authorize an action for the cancellation thereof.
   [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.\*]

6. RECORDS (§ 9\*)—REGISTRATION OF TITLE.
   Real Property Law (Consol. Laws 1909, c. 50) § 400, provides that the title to registered land shall be free from all incumbrances except those noted on the certificate. Section 417 provides for the filing of transcripts or certified copies of judgments, executions, attachments, and other liens with the registrar. Section 409 provides for the entering of a memorial of every paper filed with the registrar affecting title to such land, and section 402 declares that, in the absence of fraud, a transferee from a registered owner shall not be affected with notice, actual or constructive, of any unregistered claim whatsoever, while section 418 provides for the filing of assignments of mortgages, leases, and other liens with the registrar; section 420 providing for the filing and notation on the certificate of title of notice of the pendency of an action. *Held,* that the filing by one who was not made a party to the proceeding to register title to land or allowed to intervene therein of a copy of an order denying his motion to intervene is authorized to protect his interest and hence will not warrant a suit to quiet title.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.\*] .

7. RECORDS (§ 9\*)—REGISTRATION OF LAND.
   Real Property Law (Consol. Laws 1909, c. 50) §§ 406, 416, 422, respectively providing for the transfer of registered property, for the filing of a memorial reciting a list of mortgages or other liens upon the land, and for an application to the court for direction to the registrar with respect to the memorial to be entered on certificates of title, do not prohibit the filing with the registrar of a copy of an order reversing an order denying defendant's right to intervene in a proceeding to register the title to land in which he claimed an interest, such sections referring to the nature of the memorial and not the right to file same; this being particularly true in view of section 433, requiring the act to be given a liberal construction.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.\*]

Appeal from Special Term, New York County.

Action by Gertrude D. Hawes against Samuel J. Clarke. From a judgment for plaintiff (136 N. Y. Supp. 188), defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Bell Wait, Jr., of New York City (Henry Crofut White, of New York City, on the brief), for appellant.

Gilbert Ray Hawes, of New York City, for respondent.

LAUGHLIN, J. This action was brought and tried and the judgment was rendered upon the theory that the filing of the papers, which

---

by the judgment plaintiff is required to remove, and notations thereof by the registrar among the memorials on the original certificate of title on file with said registrar, constitute a cloud on plaintiff's title. The plaintiff also demanded judgment for damages for slander of title; but the court found that defendant was not actuated by malice and that plaintiff failed to prove any damage.

The plaintiff owns the premises known as 244 West 104th street on the southerly side between West End avenue and Broadway, commencing 75.3 feet west of Broadway and having a frontage of 40 feet and extending in depth 100.11 feet. On the 30th day of September, 1910, she brought an action to have her title registered, pursuant to the provisions of article 12 of the Real Property Law, but she failed to make the defendant a party to the action. It was certified in the official examiner's certificate of title, annexed to and made a part of the complaint in that action, that plaintiff's premises were subject to no liens other than the liens of two specified mortgages and to no easement, and that "an inspection of the walls, halls, roofs, yards, and fire escapes show" no easements "except that the wall on the east is a party wall in which there is an easement in favor of easterly premises to use said wall as a party wall," and that there was no person not a party to the action interested in or claiming to have any right or interest in or to the premises. The certificate contained a diagram of the premises and a statement to the effect that the names and addresses of owners of adjoining parcels were shown thereon "as far as reasonably obtainable by inquiry on the premises and by reference to the record, given below as shown on the diagram"; but that diagram does not show the name of any owner of adjacent premises. A preceding diagram of the premises in said certificate, certified to be "a correct diagram of the property proposed for registration," shows certain names written thereon adjacent to the plaintiff's premises, with a memorandum to the effect that all owners so far as known resided on the premises. There was also annexed to the complaint a survey of the premises showing a party wall along the easterly side line of the premises as stated in the certificate of title for part of the distance, and showing on the southerly boundary for a distance of about two-thirds of the width of the premises a wall marked "stone wall," with the line of plaintiff's premises passing approximately through the middle thereof, indicating that the wall rests in part on premises to the south of plaintiff's lot. Appellant owns said premises adjoining plaintiff's premises on the south, and he attempted to become a party to the registration action by having his attorneys serve a notice of appearance therein, demanding that a copy of the complaint and of all other papers be served on them, but the notice of appearance was returned by plaintiff's attorney with a notice in writing that appellant was not a party to the action and was not entitled to appear therein. After negotiations between the attorneys by which appellant attempted, without success, to have his rights protected, on the 11th day of November, 1910, appellant served notice of motion for leave to intervene as a defendant in the action for the registration of plaintiff's title. That motion was made on the summons, complaint, examiner's

certificate of title, and on affidavits showing, among other things, that the defendant owned the premises directly adjoining the plaintiff's in the rear or on the south, of the width of 20 feet and known as 243 West 103d street; that the stone wall between plaintiff's premises and those of the defendant was a retaining wall and was built and is maintained for the purpose of preventing the premises of the plaintiff from caving in or falling upon defendant's premises; that any proper inspection of plaintiff's premises would show that the wall was a retaining wall, and that from one foot to one foot and one inch stand on plaintiff's premises and only seven or eight inches of it stand on defendant's premises; that defendant has an easement in said wall as a retaining wall; and that the boundary line between plaintiff's and defendant's premises, and the status of the wall, and defendant's right, interest, and easement therein must necessarily be determined in the action, and that appellant was therefore a person whose interest might be affected by such judgment.

Plaintiff presented an affidavit in opposition to the motion, denying that the wall was a retaining wall and asserting, first, that the wall stood entirely on plaintiff's premises; and, secondly, that, if any portion of it stood on defendant's premises, such portion "is an independent wall erected" by defendant or his predecessor in title, and that defendant had no interest or easement in that part of the wall standing on plaintiff's premises. The motion was denied at Special Term on the 2d of December, 1910, and the order was resettled on the 20th day of the same month. The appellant appealed from that order as resettled, and on February 3, 1911, this court reversed the order and granted the motion. Hawes v. U. S. Trust Co., 142 App. Div. 789, 127 N. Y. Supp. 632. Concurrently with or pending the motion at Special Term for leave to intervene, the defendant herein obtained an order staying application for final judgment in the title registration action, but that stay was subsequently vacated, and, pending the appeal to this court from the order denying defendant's motion to intervene, plaintiff applied to the court, on notice to the parties to the registration action, but without notice to appellant, for a judgment registering her title in accordance with the allegations of her complaint and the certificate of the official examiner thereto annexed, and the motion was granted and judgment was entered on the 7th day of December, 1910. On the 8th day of the same month plaintiff's title was registered in the book of "Registration Certificates" in the office of the registrar, and on the 9th day of the same month a duplicate certificate of registration was issued by the registrar. After this court reversed the order denying appellant's motion to be made a party to the registration action and granted the motion, his attorneys re-served the notice of appearance on plaintiff's attorney in the registration action, but plaintiff's attorney failed to serve the complaint as therein demanded or to take any steps to vacate the judgment, and it has not been formally vacated.

On the 6th day of February, 1911, appellant filed the order of reversal, or a certified copy thereof, with the registrar and requested that a notation be made on the certificate; but, since the order of

reversal did not show what its nature was, the chief clerk in the office of the registrar requested that certified copies of the motion papers on the motion to intervene be procured and filed in the office of the registrar, and this was done on that or the next day. The registrar thereupon made the following notation under the heading "Memorials" on plaintiff's original certificate of title in the registration book in the office of said registrar:

"6A. Certified Copy Order Reversing Order Dec. 2, 1910. Samuel J. Clark, Appellant. Feb. 6, 1911. Max S. Griffenhagen."

The chief clerk testified that the certified copy of the motion papers on file in his office would be shown to any one examining the title and inquiring concerning said notation "6A" as herein set forth.

Pursuant to the judgment of the trial court rendered in this action, the registrar made a further notation among the memorials on plaintiff's certificate of title, drawing attention to the judgment and stating in effect that it canceled the order which had been filed in his office on February 6, 1911, and the notation concerning the same as aforesaid. It appears by the opinion of the court at Special Term that the judgment from which the appeal was taken was granted on the theory that there was no authority for filing the order and copies of the motion papers with the registrar or for the indorsement or entry made with respect thereto among the memorials on plaintiff's certificate of title, and that the judgment in the registration action was binding on the appellant, notwithstanding the reversal of the order denying his motion to intervene.

[1] I am of opinion that the complaint should have been dismissed. The plaintiff was not justified in applying to a court of equity for relief. Her remedy was to serve the complaint in the registration action upon the appellant pursuant to the demand and notice of appearance, which was duly served by appellant's attorneys, and she should have given appellant his day in court.

[2] It is to be borne in mind that this is not an action to determine a claim of title to or interest in real property but is merely to cancel the memorial and remove the papers from the registrar's office. Therefore the question as to whether the appellant's claim to an interest in the plaintiff's premises is or is not well founded is not presented for decision. The appellant might have moved to vacate the judgment, and that is the course which was followed in Sundermann v. People, 148 App. Div. 124, 132 N. Y. Supp. 68. It was not, however, as counsel for respondent argues, held in that case that the *duty* devolved upon the party applying to intervene to move to vacate the judgment.

[3] The plaintiff in refusing to receive the notice of appearance from the appellant, and in opposing appellant's motion for leave to intervene, which was held to be proper and was subsequently granted by this court, and in moving to vacate the stay which appellant had obtained to prevent the entry of judgment pending the appeal, and in proceeding to judgment, assumed and took the risk of entering a judgment which would not be binding upon and would become nugatory so far as the appellant was concerned, if the order should be re-

versed and the motion should be granted, as they were subsequently, for where a party has a right to appear in an action and is precluded therefrom by the plaintiff, he is not concluded by the judgment. Sundermann v. People, supra; Hawes v. U. S. Trust Co., supra. The appellant claimed an easement in part of the plaintiff's premises and had an absolute right to appear and have that easement, if established, preserved by the judgment. Sundermann v. People, supra. The judgment rendered in the action in such circumstances has no more effect on the rights of the appellant than if it had never been entered. If the plaintiff wishes to perfect the registration of her title so that the same may be binding on the appellant, she must take up the action anew from the service of the notice of appearance and serve her complaint and give the appellant his day in court.

[4] It appears that the appellant obtained a copy of the complaint in the registration action, but that did not relieve the plaintiff from complying with the demand in the notice of appearance for the service of a copy of the complaint (Crouse v. Reichert, 61 Hun, 46, 15 N. Y. Supp. 369; Sanders v. People's Co-Operative Ice Co., 44 Misc. Rep. 171, 89 N. Y. Supp. 785; Sweet v. Sanderson Bros., 6 Civ. Proc. R. 69); and, since appellant had a right to appear without an order of the court (Sundermann v. People, supra; Hawes v. U. S. Trust Co., supra), the entry of the judgment was irregular and unauthorized. ·

[5] If, as contended by counsel for the respondent, the registrar was without authority to file the papers in his office or to make the notation among the memorials on the certificate of registration of plaintiff's title, then neither the filing of the papers nor such notation would constitute a cloud on title, and an action for the removal of the papers and the cancellation of the notation would not lie. Townsend v. Mayor, 77 N. Y. 542; Bernstein v. Schoenfeld, 81 App. Div. 171, 81 N. Y. Supp. 11.

[6] If, however, the effect of the filing of the papers and the notation on the plaintiff's certificate of title was to draw attention to the appellant's claim to an easement in the wall shown by the survey annexed to the complaint to be partly on plaintiff's premises and partly on the premises to the south, then it would seem that appellant was asserting an interest in the premises, and it was entirely proper for his protection, especially in view of his ineffective efforts, owing to the attitude of the plaintiff, to become a party to the registration action, to file notice with the registrar that he claimed an easement in the premises owned by the respondent, and for the registrar to make a notation thereof among the memorials on plaintiff's certificate of registration. Of course that would not be so if appellant had been a party to the action and his rights had been adjudicated, or if he were precluded by the judgment from asserting them; but, when he filed those papers with the registrar and requested that the notation be made, he had become a party to the action and he was not precluded by the judgment, and it was eminently proper that a notation of appellant's claim to an easement in part of the premises be made for the protection of the plaintiff against the claims of subsequent purchasers. We do not say that the papers filed with the registrar

were sufficient to show that appellant asserted a claim to an easement in plaintiff's premises, or that the notation by the registrar was suffi-cient notice thereof to subsequent purchasers; but we hold that on these facts plaintiff cannot be heard by a court of equity to complain. If the notation be construed as an assertion by the appellant of an easement in the plaintiff's premises, which is the only view by which it could constitute a cloud on title, I am of opinion that its notation was authorized by the provisions of the Title Registration Law. Sec-tion 400 of that law provides, among other things, that the title regis-tered shall be held free from "all incumbrances, charges, trusts, liens and transfers, except those noted on the certificate," and that, with those and certain other exceptions not material to a decision of this appeal, "no incumbrance, charge, trust, lien, or transfer shall take effect upon or over real property the title to which has been registered, unless the instrument creating and setting forth such incumbrance, * * * has been filed with the registrar and a memorial or notation thereof made upon the certificate of title covering the property." Section 417 provides for filing transcripts or certified copies of judgments, executions, attachments, and other liens with the registrar, requires the registrar to make a memorial thereof on the certificate of title of the premises affected, and provides in effect that, if these provisions are not complied with, the judgment, attachment, execution, or other lien shall not be a lien against the premises. Section 409 contains, among other provisions, the following:

"A memorial of every paper filed with the registrar affecting title to reg-istered property shall be entered at once upon the last original certificate to which it relates."

Section 398 provides in effect that all papers which are required or permitted to be filed against registered property shall, pending the application for the registration of title, "be filed with the registrar as if the property were registered." Section 402 provides that, in the absence of fraud, a transferee from a registered owner shall not be "affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand or interest whatever; and the knowledge that an unregistered trust, lien, claim, demand or interest is in ex-istence shall not of itself be imputed or treated as fraud." Section 418 provides for filing assignments of mortgages, leases, and other liens with the registrar and for making a memorial thereof on the certificate of title; and section 419 provides for canceling a memorial in case of a release, discharge, or surrender of a charge against or incumbrance on the premises. Section 420 provides for the filing and notation on the certificate of title of notice of pendency of cer-tain actions. Section 416 in effect authorizes the parties in interest, on filing a mortgage, lease, or other lien or charge, to agree upon a statement of not more than 100 words "as to the nature and effect" thereof and requires the registrar to enter a memorial thereof. Sec-tion 422 provides for an application to the court for a direction to the registrar with respect to memorials to be entered on certificates of title when the registrar is in doubt and the parties in interest fail to agree with respect to the proper memorial to be made concerning

a "deed, mortgage or other voluntary instrument presented for registration." Section 433 provides that the provisions of the article relating to the registration of titles shall be liberally construed "so far as may be necessary for the purpose of effecting its general intent."

[7] Counsel for respondent contends, on the authority of sections 406, 416, and 422, that the registrar should not have made the notation without the consent of the parties in interest or an order of the court. That contention cannot be sustained, for it is manifest that said sections have no application to a case where a party is merely asserting a claim to an easement in the premises. Moreover, those provisions do not relate to questions arising with respect to the right to file instruments or to have memorials made but only with respect to the *nature* of the memorial to be made concerning instruments properly filed. In carrying into effect the legislative intent declared in said section 433, it has been held at Special Term, in two reported decisions, to be proper to file a notice of appeal from the judgment of registration with the registrar and for him to note such filing on the certificate of title. Lachmann v. Brookfield, 135 N. Y. Supp. 261; People ex rel. Realty Associates v. O'Loughlin, 136 N. Y. Supp. 339. Until the provisions of the title registration statutes shall have been authoritatively construed, it behooves the court to refrain from attempting to cancel notations made on certificates of title designed to preserve interests asserted in good faith against premises, the title to which it is sought to register, and to give notice to subsequent purchasers and incumbrancers.

It follows, therefore, that the judgment should be reversed, with costs, and the findings of fact and conclusions of law inconsistent with the views herein expressed are reversed, and the order of reversal shall contain findings of fact and conclusions of law in accordance with these views, and the complaint is dismissed, with costs. All concur.