JOHN J. TOWNSEND, Trustee, etc., Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

An action to set aside and cancel a tax, as illegal and a cloud upon plaintiff's title, cannot be maintained where the sole ground of illegality alleged is that the law, under which the tax was imposed, is unconstitutional; as, if the tax be invalid, upon the ground claimed, its invalidity will always appear.

To authorize an action to cancel a lien upon land as a cloud upon title, the lien must be apparently valid; and must exist, under such circumstances, that it may in the future embarrass the owner or endanger his title.

*It seems,* that the statutes (§ 112, chap. 335, Laws of 1873, as amended by § 20, chap. 757, Laws of 1873; § 1, chap. 779, Laws of 1873), creating a

board of estimate and apportionment to ascertain the amounts to be raised by tax for the expenses of the city and county of New York are constitutional

(Argued February 19, 1879 ; decided September 16, 1879 )

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.    (Reported below, 16 Hun, 362.)

This action was brought by plaintiff, as the owner of real estate in the city of New York, to have certain taxes upon said real estate, alleged by him to be illegal, set aside and canceled as a cloud on the title.

The illegality alleged was that the tax was imposed by the board of aldermen as supervisors of the county of New York, in pursuance of the provisions of the statute creating a board of estimate and apportionment (§ 112, chapter 335, Laws of 1873 as amended by § 20, chap. 757, Laws of 1873), which plaintiff claimed to be unconstitutional and void.

*John J. Townsend*, for appellant.    The towns are the fundamental necessary unit of the polity of the State. (2 Thompson's L. I., 1–342; 1 id., 117–188, 249–511; Palfrey's Hist. of N. E., 172; Arnold's Hist. of R. I , 203; Palgraves' Rise and Progress of the English Commonwealth, 64, 65; 2 Kemble, " The Saxon in England," 312; 1 Stubbs' Const. Hist., chap. 56. §§ 39, 40, 43, 45; De Toequeville's Democracy in America, 74–103.)    The power of taxation vested in the Legislature cannot be delegated, and the dele-gation of the power to a board is unconstitutional and void. (2 Locke, " Of Civil Government," §§ 141, 142; 58 Me., 591; *Thomas* v. *Leland,* 29 Wend., 65; Cooley on Tax., 48, 49; *People* v. *Supervisors,* 52 N. Y., 556, 567; *Hough-ton* v. *Austin,* 47 Cal., 646; *In re Zborowski,* 68 N. Y., 88.) There is a distinction between county and city taxes in New York.    (*Maximalian* v. *The Mayor,* 62 N. Y., 160; *Schenck* v. *The Mayor,* 67 id., 45; *Lorillard* v. *Town of Munroe,* 11 id., 392.)    The taxing power of a city is to be exercised by

the community, and the power can only be delegated to the city represented by its common council. (Von Mauser, §§ 1, 44, 48, 52, 74, 76, 79, 84, 86, 143, 150, 151, 153, 428, 438, 445, 446; 3 id., 232; 1 Kemble, 242; 2 id., 338; Wilcox on Cor., § 792; *Ex parte Wall*, 48 Cal., 279; Const. of N. Y., as amended in 1874, art. 3, §§ 22–24: art. 8, § 11.) The city considered as a political institution and as a corporation. (Wilcox on Mun. Cor.; Brady on Burr., 21, 23; 3 Stubbs, 420, 559; 560, 561, 568, 586, 587; 42 Von Mauser on Con. of Cities, §§ 44, 86, 226, 364, 399, 404, 450, 619, 626, 646, 675, 683, 685; Norton's Comm., 73, 74, 81, 100, 113, 117, 125, 134; R. of Par. Com., §§ 12, 13, 14; 2 Palf. Hist. of N. E., 12.) The determination of the board of estimate and apportionment is subject to review, and so is not a by-law. (*Tanner* v. *Trustees*, 5 Hill, 121, 131; *People* v. *Special Sessions*, 14 S. C. R., 214; Grant on Cor., 79; *F. K. Co.* v. *Green*, 1 Lord Raym., 113; *Board of Health* v. *Wooster*, 37 J. P., 404; Lumley on By-laws, 101, 147.)

*Wm. C. Whitney*, for respondent. The power to impose taxes is one of the attributes of sovereignty possessed by the people of the State, and has been conferred by the people upon the Legislature, subject to no restrictions, except those contained in the Constitution of the United States and of the State of New York. (Cooley's Const. Lim., 169, 479; Burr. on Tax'n, §§ 4, 6, 27, 30, 91, 128, p. 372; *People* v. *Mayor, etc., of Brooklyn*, 4 N. Y., 426; *Wynhamer* v. *People*, 13 id., 378, 391, 410, 430, 453, 476; *Benson* v. *Mayor, etc.*, 24 Barb., 248; *Bank of Rome* v. *Village of Rome*, 18 N. Y., 38, *Butler's Appeal*, 73 Penn. St., 451; *Leggett* v. *Hunter*, 19 N. Y., 453; *Guilford* v. *Supervisors*, 13 N. Y., 143.) No provision can be found in the constitution of the State which tends in the slightest degree to establish the proposition that the law creating the board of estimate and apportionment is unconstitutional. (*Darlington* v. *The Mayor*, 31 N. Y., 186; *People ex rel. N. Y. and H. R. R.* v. *Havemeyer*, 4 Thomp., 378, 379, 380; *People* v.

*Supervisors,* 52 N. Y., 556; *Houghton* v. *Austin,* 47 Cal., 656; Burr. on Taxation, §§ 58, 130, pp. 370, 382; *People ex rel. Griffin* v. *The Mayor,* 4 N. Y., 419, 432; *Grant* v. *Courter,* 24 Barb., 232; *Bensen* v. *Mayor,* 24 Barb., 248; Cooley's Const. Lim., 518, and cases cited; *People* v. *Mahaney,* 13 Mich., 500; *Maloy* v. *Marietta,* 11 Ohio St., 638; *People* v. *Mayor of N. Y.,* 4 N. Y., 419.)    The power to impose taxes for the general purposes of the State must doubtless be exercised directly by the Legislature, and is subject to certain restrictions; but the power to impose taxes for local purposes may be delegated.   (Cooley's Const. Lim., 190; Burroughs on Taxation, §§ 4, 6, 27, 30, 91, 128, p. 372.)

EARL, J.   We have carefully examined this case, and entertain no doubt that the tax in question was legally imposed, and that for that reason the judgment ought to be affirmed.    But the affirmance of the judgment does not depend upon the validity of the tax, and hence an elaborate statement of our reasons for holding the validity would be a waste of time, as the judgment will have to be affirmed if every fact alleged and all the learned argument made by the plaintiff be conceded.

The action is to set aside and cancel the tax, upon the ground that it is illegal and a cloud upon plaintiff's title to his lands.    It is claimed to be illegal solely upon the ground that the law, in pursuance of which it was imposed, is unconstitutional and therefore void.    No other reason is alleged or claimed for the maintenance of the action.

It is a general rule that the owner of real estate must wait until his title is assailed, or his possession is disturbed, or his rights are actually interfered with, before he can invoke the protection of the courts.    The law generally concerns itself only with actual wrongs, and not with such as are merely potential.    But there are some exceptions to this rule. Courts will, under certain circumstances, entertain actions to remove a cloud upon title to land to prevent future harm.

It is not sufficient that there is a formal title or lien creating the cloud. Where the cloud is claimed to be created by a lien, the lien must be apparently valid, and must exist under such circumstances that it may in the future embarrass or injure the owner or endanger his title. But it has been decided many times in this State that where the lien is invalid upon its face, or where the invalidity will necessarily appear in any proceeding taken to enforce title under it, then the jurisdiction of a court of equity cannot be invoked to set it aside. Then the owner must wait until his title is actually assailed under the lien, and his defense will always be at hand: (*Scott* v. *Onderdonk*, 14 N. Y., 9; *Heywood* v. *City of Buffalo*, 14 id., 534; *Ward* v. *Dewey*, 16 id., 519; *Hatch* v. *City of Buffalo*, 38 id., 276; *Newell* v. *Wheeler*, 48 id., 486; *Marsh* v. *City of Brooklyn*, 59 id., 280.)

If this tax be invalid upon the ground claimed, its invalidity will always appear. The recorded proceedings and the statutes will show that it was imposed under the law claimed to be unconstitutional. No valid tax can be imposed under an unconstitutional law; and that such a tax could not constitute such a cloud upon title as to call for the interference of a court of equity, was the precise question decided in *Stuart* v. *Palmer*, (74 N. Y., 183).

Therefore, whether this tax is legal or illegal, for the reason stated the judgment must be affirmed.

All concur, except ANDREWS, J., absent.

Judgment affirmed.