SUNDERMANN v. PEOPLE et al.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLE—ADJOINING LANDOWNER—RIGHT TO APPEAR.

Real Property Law (Consol. Laws 1909, c. 50) §§ 370–434, as amended by Laws 1910, c. 627, § 379, provides that a proceeding to register title shall name as defendants all persons who have filed any caution. Section 383 authorizes the filing of a caution by any person claiming to have any interest in the estate or any part thereof and provides for the filing of a "like cautionary notice" by an abutting owner, "with the like proceedings in all respects."  *Held*, that an abutter who has filed a cautionary notice is a necessary party defendant specifically to be named, even though he claims no right, interest in, or lien on the real property title to which is sought to be registered.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*) — REGISTRATION OF TITLE — ABUTTING OWNERS — "PERSON WHOSE INTERESTS MAY BE AFFECTED."

Real Property Law (Consol. Laws 1909, c. 50) §§ 370–434, as amended by Laws 1910, c. 627, provides for the registration of title to property, section 383 declares that an abutting owner who has filed a cautionary notice shall be specifically named as a defendant, and section 389 provides that any person interested in the property or whose interests may be affected, whether specifically named as a defendant or not, may enter his appearance and answer the complaint, etc.  Section 385 provides that the action shall be governed as far as possible by the laws and rules relative to an action in the Supreme Court.  *Held*, that an abutting owner who had filed cautionary notice was a person whose interests might be affected by the judgment and had an absolute right to appear, which he was authorized to do by Code Civ. Proc. § 479, by filing a notice of appearance and a demand for copy of complaint.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE—RIGHT TO APPEAR—APPLICATION TO COURT.

Under Real Property Law (Consol. Laws 1909, c. 50) § 389, authorizing every person interested in the property "or whose interest may be affected by the judgment in the action" to appear, it was not necessary for an abutting owner to apply to the court for leave to appear, nor was plaintiff authorized to determine whether such abutting owner's interest might be affected by the judgment so as to entitle him to appear.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLE—NATURE OF PROCEEDINGS.

A proceeding to register title under Real Property Law (Consol. Laws 1909, c. 50) §§ 370–434, as amended by Laws 1910, c. 627, being a proceeding leading to a judgment in rem, a person interested and not notified or made a party is not bound to permit the rendition of judgment which may raise a doubt or cast a cloud on his title, but may appear and procure an adjudication of his interest.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Proceeding by George H. Sundermann to register title to certain real property situated in the Borough of the Bronx pursuant to Real Property Law, §§ 370–434, as amended by Laws 1910, c. 627, against the People and others.  From an order denying a motion of the Sound

Realty Company to compel plaintiff to receive a notice of appearance in the proceeding (130 N. Y. Supp. 453), the realty company appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

W. B. Wait, for appellant.

G. R. Hawes, for respondent.

MILLER, J. The premises, title to which is sought to be registered, are described in the complaint with reference to a map, made in 1854, and filed in the office of the clerk or registrar of Westchester county, which gives no dimensions, distances, angles, or courses. The appellant owns the premises which, according to said map, abut on the easterly side of the plaintiff's premises. It filed and served upon the respondent's attorney a notice of appearance in which it demanded a copy of the complaint, which was returned on the ground, among others, that the appellant had no interest in the action and that the notice of appearance was not interposed in good faith. The notice was then again served and again returned, whereupon, after offering to enter into a stipulation with respect to the location of the boundary lines, the appellant made the motion, resulting in the order appealed from.

[1] The appellant seems to have a substantial reason for desiring to appear; but it would be premature to consider that question now, as we are of the opinion that it had an absolute right to appear. We have had occasion recently to consider the provisions of the statute on the subject (Hawes v. U. S. T. Co., 142 App. Div. 789, 127 N. Y. Supp. 632); but, as the point appears to have been left in some doubt, a further examination of the statute may be helpful. Section 379 requires the complaint to specifically name as defendants the "people of the state of New York, and also all persons who have filed any caution or cautions against the registration of such property as provided for by section 383 of this chapter." Section 383 provides for the filing with the registrar of a written notice to be styled a "caution," by any person claiming to have any right or interest in or lien upon any real property or any part thereof. It also provides for the filing of a "like cautionary notice" by an abutting owner, "with the like proceedings in all respects." It is plain, therefore, that an abutter who has filed a cautionary notice is a necessary party defendant, specifically to be named, even though he claims no right, interest in, or lien upon the real property, title to which is sought to be registered. Of course, in the absence of such a notice, he is not a necessary party. Duffy v. Shirden, 139 App. Div. 755, 124 N. Y. Supp. 529.

[2] The appellant claims the right to appear by virtue of section 389, which provides:

"Any person interested in the property, or whose interests may be affected by the judgment in the action, whether specifically named as defendant or not, may enter his appearance and answer the complaint, within the time allowed by this article, or such further time as shall be allowed by the court, and may oppose the application for registration of the property as belonging to the plaintiff, or set up a cross-demand to have the title registered in his own

behalf. In either case, he shall state particularly what his interest is and answer the material allegations of the complaint."

By requiring that an abutter who has filed a cautionary notice be specifically named as a defendant, the statute plainly recognizes abutters as persons "whose interests may be affected by the judgment in the action." The appellant is, therefore, one of the class who are given an absolute right to appear.

Section 385 contains, among others, the following provision:

"The action shall be governed by, and shall proceed according to, the laws of this state and the rules of court, relative to an action in the Supreme Court, as far as the same are applicable and are not abrogated or modified by this article."

Section 386 provides for the notice of the object of action to accompany the summons and that "a copy of the complaint may be demanded by the attorney of any defendant, and if so demanded must be served, as prescribed by section 479 of the Code of Civil Procedure." It would seem, therefore, that, except as otherwise specifically provided, the procedure is similar to that of an ordinary action in the Supreme Court. The orderly practice, then, would be for a person, who had a right to appear but was not named as a defendant, to enter his appearance and demand a copy of the complaint, and, upon receiving a copy, to answer within the time allowed. He might oppose the application for registration or set up a cross-demand to have title registered in himself, or, in the case of an abutter merely, as here, he might set up facts showing the interest for the protection of which he claimed the right to appear. In the case of a disputed boundary line, he might state where he claimed the correct line to be and ask that the judgment fix the boundary line accordingly. "In either case, he shall state particularly what his interest is and answer the material allegations of the complaint." That does not mean that he shall state his interest and answer the complaint before he shall be allowed to enter his appearance, but that he shall do that in the orderly course of the action when he serves his answer. Of course, he could not raise issues, in which he had no interest, merely to make trouble for the plaintiff. Smith v. Martin, 142 App. Div. 60, 126 N. Y. Supp. 877.

[3] The statute treats the action as one in rem, and in very broad terms provides that the judgment shall be conclusive upon all the world. It gives every person interested in the property, "or whose interests may be affected by the judgment in the action," the right to appear. It did not require an application to the court for leave to appear and, of course, did not clothe the plaintiff with the power to determine whether the interest of a person seeking to appear might be affected. After such person has been permitted in the usual way to assert his interest, the court can determine whether it exists and what is needful to protect it, and the plaintiff need not fear that his rights may be impeded or hindered by captious objections or issues raised for ulterior purposes, matters with which the court has power to deal.

[4] While, of course, a party cannot be concluded by a judgment in an action in which he had not been allowed to appear, he is not obliged to lie by and take his chances of a judgment in rem, which may raise a doubt, if it does not cast a cloud upon his title. The appellant shows a situation which justifies its presence in the action, and we are not now concerned with its motives. Indeed, it would seem to be in the plaintiff's interest to have every one asserting an interest to be protected made a party, to the end that there may be no doubt as to the conclusiveness of the judgment. Expedition cannot be gained by attempting arbitrarily to exclude from the action all who seek to appear.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.