SUNDERMAN v. PEOPLE et al.

(Supreme Court, Special Term, New York County. June, 1912.)

PLEADING (§ 369*)—DEFENSES—ELECTION.

Under Real Property Law (Consol. Laws 1909, c. 50) §§ 379, 382, 385, and 386, relating to the registration of lands, the pleadings and rights of the parties, except in a few particulars, will be construed by the rule governing code actions; hence an answer that generally denies each of the allegations of the complaint, including plaintiff's ownership, and

sets forth the facts upon which its denial of the statements of the certificate, abstract, searches, and survey is based, and further states what its interest is, tenders issues that will require a trial; and, further, the defendant may set forth a number of defenses, from which, if inconsistent, the court may compel an election.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

Action by George H. Sunderman against the People of the State of New York and others to compel the registration of lands. Motion by plaintiff for judgment on the pleadings. Denied.

Gilbert R. Hawes, of New York City, for the motion.

HENDRICK, J. This is an action to compel the registration of lands under article 12 of the Real Property Law. Plaintiff in effect moves for judgment upon the pleadings. Upon appeal from an order denying a motion, made by the defendant Sound Realty Company, to compel plaintiff to accept its notice of appearance and for leave to file and serve its answer, the Appellate Division, in reversing the order of the Special Term, said:

"The appellant seems to have a substantial reason for desiring to appear; but it would be premature to consider that question now, as we are of the opinion that it had an absolute right to appear." Sundermann v. People, 148 App. Div. 124, 132 N. Y. Supp. 68.

Therefore we come to a consideration of the pleadings. By the provision of Real Property Law (article 12), except in a few particulars, the pleadings and rights of the parties will be construed by the rule governing code actions; e. g., the complaint and summons shall have the forms and effects prescribed for them by the Code of Civil Procedure. Section 379.

"Notice of application and of pendency of action shall be filed, which notice shall be made and filed in the manner prescribed by section 1670 of the Code of Civil Procedure, * * * and shall constitute notice of the pendency of the application, * * * and shall be in all other respects the same as a notice of the pendency of an action under sections 1670 to 1674 of the Code of Civil Procedure. * * *" Section 382.

"The summons shall be made and have the form, and * * * shall be served in the manner prescribed by the Code of Civil Procedure for a summons in an action in the Supreme Court. * * *" Section 385.

"Upon and after the issuance of the summons the court's jurisdiction shall be the same as in an action in the Supreme Court in which no order for the commencement of the action is required; and the action shall be governed by and shall proceed according to the laws of this state and the rules of court relative to such an action, as far as the same are not expressly abrogated or modified by this article." Section 385.

"A copy of the complaint * * * may be demanded by the attorney of any defendant, and if so demanded must be served, as prescribed by section 479 of the Code of Civil Procedure." Section 386.

While section 385 provides that "all the allegations and statements in said certificate, abstract, searches and surveys shall be taken and construed as statements of fact, unless they are expressly declared

therein to be conclusions or opinions," the section continues immediately thereafter as follows:

"Where a party has controverted in his pleadings specifically an allegation or statement contained in said certificate of title, abstract, searches or survey, any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rule of evidence and proof, unaffected by this section, shall apply to the matters so controverted."

It therefore remains to determine whether or not defendant has by its answer raised issues which cannot be disposed of except upon a trial. By section 385, if defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth. The answer generally denies each of the allegations of the complaint, including plaintiff's ownership, and sets forth the facts upon which its denial of the statements of the certificate, abstract, searches, and survey are based, and further states what its interest is. The defendant further sets forth a number of defenses. This is authorized by the Code of Civil Procedure. Section 547. If these defenses are inconsistent, the court has the power, either prior to or at the trial, upon motion, to compel an election of which one the defendant will rely. Tuthill v. Skidmore, 124 N. Y. 148, 26 N. E. 348; Southworth v. Bennett, 58 N. Y. 659. My conclusion, therefore, is that upon the issues tendered by the pleadings a trial will be required.

Motion denied, with $10 costs.