GERTRUDE D. HAWES, Respondent, v. SAMUEL J. CLARKE, Appellant.

First Department, November 7, 1913.

Real property — registration of title — order granting leave to adjoining owner to intervene as defendant — failure of plaintiff to recognize order — notation on registration certificate referring to defendant's application to intervene — equity — when suit to cancel notation on record does not lie.

The plaintiff brought an action to have title to real property registered, pursuant to article 12 of the Real Property Law, but failed to make an adjoining owner, the present defendant, a party to the action, alleging, moreover, that there was no person not a party having an interest in or claiming any right or interest in the premises. The defendant, claiming an easement in a stone retaining wall as a party wall, moved to be brought in as a defendant in the action, and an order of the Special Term denying leave to intervene was reversed by the Appellate Division and the motion granted. Upon the motion to intervene the defendant obtained an order staying the plaintiff's application for final judgment in the registration action, which stay was subsequently vacated, and, pending the defendant's appeal from his motion to intervene, the plaintiff applied to the court for final judgment without notice to the present defendant, which motion for judgment was granted and the title registered. After the order of the Appellate Division allowing the present defendant to intervene he filed the order of reversal, together with the moving papers with the registrar, and requested that a notation thereof be made on the certificate, which was done. Subsequently the plaintiff, whose title had been registered, brought the present action to require the present defendant and the registrar of the county of New York to cancel the aforesaid notations on the certificate of registration.

Held, that the complaint should have been dismissed; that the plaintiff should have served the complaint in the registration action upon the present defendant pursuant to his demand and notice of appearance, so that the defendant might have his day in court;

That while the present defendant might have moved to vacate the judgment registering the plaintiff's title, the plaintiff, under the circumstances aforesaid, took the risk of entering a judgment which would not be binding, and that a court of equity would not expunge the notations on the certificate of title.

APPEAL by the defendant, Samuel J. Clarke, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th

First Department, November, 1913.          [Vol. 159.

day of June, 1912, upon the decision of the court after a trial at the New York Special Term.

The judgment requires defendant to cause to be removed from the files of the registrar of the county of New York " all the papers filed by him in said office on or about the 6th and 7th days of February, 1911," and requiring said registrar to cancel notations made by him " among the 'Memorials' on plaintiff's certificate of title registration."

*William Bell Wait, Jr.* [*Henry Crofut White* with him on the brief], for the appellant.

*Gilbert Ray Hawes,* for the respondent.

LAUGHLIN, J.:

This action was brought and tried and the judgment was rendered upon the theory that the filing of the papers, which by the judgment defendant is required to remove, and notations thereof by the registrar among the memorials on the original certificate of title on file with said registrar constitute a cloud on plaintiff's title. The plaintiff also demanded judgment for damages for slander of title, but the court found that defendant was not actuated by malice and that plaintiff failed to prove any damage.

The plaintiff owns the premises known as 244 West One Hundred and Fourth street on the southerly side between West End avenue and Broadway, commencing 75.3 feet west of Broadway and having a frontage of 40 feet and extending in depth 100.11 feet. On the 30th day of September, 1910, she brought an action to have her title registered pursuant to the provisions of article 12 of the Real Property Law (Consol. Laws, chap. 50 [Laws of 1909, chap. 52], as amd. by Laws of 1910, chap. 627), but she failed to make the defendant a party to the action. It was certified in the official examiner's certificate of title, annexed to and made a part of the complaint in that action, that plaintiff's premises were subject to no liens other than the liens of two specified mortgages and to no easement, and that " an inspection of the walls, halls, roofs, yards and fire escapes show " no easements " except that the wall on the east is a party wall in which there is an easement in favor

of easterly premises to use said wall as a party wall," and that there was no person not a party to the action interested in or claiming to have any right or interest in or to the premises. The certificate contained a diagram of the premises and a statement to the effect that the names and addresses of owners of adjoining parcels were shown thereon "as far as reasonably obtainable by inquiry on the premises and by reference to the record, given below as shown in the diagram;" but that diagram does not show the name of any owner of adjacent premises. A preceding diagram of the premises in said certificate, certified to be "an accurate diagram of the property proposed for registration," shows certain names written thereon adjacent to the plaintiff's premises with a memorandum to the effect that all owners so far as known resided on the premises. There was also annexed to the complaint a survey of the premises showing a party wall along the easterly side line of the premises, as stated in the certificate of title, for part of the distance, and showing on the southerly boundary for a distance of about two-thirds of the width of the premises a wall marked "stone wall," with the rear line of plaintiff's premises passing approximately through the middle thereof, indicating that the wall rests in part on premises to the south of plaintiff's lot. Appellant owns said premises adjoining plaintiff's premises on the south, and he attempted to become a party to the registration action by having his attorneys serve a notice of appearance therein, demanding that a copy of the complaint and of all other papers be served on them, but the notice of appearance was returned by plaintiff's attorney with a notice in writing that appellant was not a party to the action and was not entitled to appear therein. After negotiations between the attorneys by which appellant attempted, without success, to have his rights protected, on the 11th day of November, 1910, appellant served notice of motion for leave to intervene as a defendant in the action for the registration of plaintiff's title. That motion was made on the summons, complaint, examiner's certificate of title and on affidavits showing, among other things, that the defendant owned the premises directly adjoining the plaintiff's in the rear or on the south of the width of twenty feet and known as 243 West One Hundred and Third

street; that the stone wall between plaintiff's premises and those of the defendant was a retaining wall and was built and is maintained for the purpose of preventing the premises of the plaintiff from caving in or falling upon defendant's premises; that any proper inspection of plaintiff's premises would show that the wall was a retaining wall, and that from one foot to one foot and one inch stand on plaintiff's premises and only seven or eight inches of it stand on defendant's premises; that defendant has an easement in said wall as a retaining wall, and that the boundary line between plaintiff's and defendant's premises, and the status of the wall, and defendant's right, interest and easement therein must necessarily be determined by the judgment in the action, and that appellant was, therefore, a person whose interest might be affected by such judgment. Plaintiff presented an affidavit in opposition to the motion, denying that the wall was a retaining wall and asserting, *first*, that the wall stood entirely on plaintiff's premises; and, *secondly*, that if any portion of it stood on defendant's premises, such portion "is an independent wall erected" by defendant or his predecessor in title and that defendant had no interest or easement in that part of the wall standing on plaintiff's premises. The motion was denied at Special Term on the 2d of December, 1910, and the order was resettled on the twentieth day of the same month. The appellant appealed from that order as resettled, and on February 3, 1911, this court reversed the order and granted the motion. (*Hawes* v. *U. S. Trust Co.*, *No. 1*, 142 App. Div. 789.) Concurrently with or pending the motion at Special Term for leave to intervene, the defendant herein obtained an order staying application for final judgment in the title registration action, but that stay was subsequently vacated, and, pending the appeal to this court from the order denying defendant's motion to intervene, plaintiff applied to the court, on notice to the parties to the registration action, but without notice to appellant, for a judgment registering her title in accordance with the allegations of her complaint and the certificate of the official examiner thereto annexed, and the motion was granted and judgment was entered on the 7th day of December, 1910. On the eighth day of the same month plaintiff's title was registered in the book of "Registration Certificates" in the office

of the registrar, and on the ninth day of the same month a duplicate certificate of registration was issued by the registrar. After this court reversed the order denying appellant's motion to be made a party to the registration action and granted the motion, his attorneys reserved the notice of appearance on plaintiff's attorney in the registration action, but plaintiff's attorney failed to serve the complaint as therein demanded or to take any steps to vacate the judgment, and it has not been formally vacated.

On the 6th day of February, 1911, appellant filed the order of reversal, or a certified copy thereof, with the registrar and requested that a notation be made on the certificate; but since the order of reversal did not show what its nature was, the chief clerk in the office of the registrar requested that certified copies of the motion papers on the motion to intervene be procured and filed in the office of the registrar, and this was done on that or the next day. The registrar thereupon made the following notation under the heading "Memorials" on plaintiff's original certificate of title in the registration book in the office of said registrar:

"6A. Certified Copy Order Reversing Order Dec. 2, 1910. Samuel J. Clark, Appellant. Feb. 6, 1911 Max S. Grifenhagen."

The chief clerk testified that the certified copy of the motion papers on file in his office would be shown to any one examining the title and inquiring concerning said notation "6A," as herein set forth.

Pursuant to the judgment of the trial court rendered in this action, the registrar made a further notation among the memorials on plaintiff's certificate of title, drawing attention to the judgment and stating, in effect, that it canceled the order which had been filed in his office on February 6, 1911, and the notation concerning the same as aforesaid.

It appears by the opinion of the court at Special Term that the judgment from which the appeal was taken was granted on the theory that there was no authority for filing the order and copies of the motion papers with the registrar, or for the indorsement or entry made with respect thereto among the memorials on plaintiff's certificate of title, and that the judg-

ment in the registration action was binding on the appellant, notwithstanding the reversal of the order denying his motion to intervene.

I am of opinion that the complaint should have been dismissed. The plaintiff was not justified in applying to a court of equity for relief. Her remedy was to serve the complaint in the registration action upon the appellant pursuant to the demand and notice of appearance, which was duly served by appellant's attorneys, and she should have given appellant his day in court. It is to be borne in mind that this is not an action to determine a claim of title to, or interest in, real property, but is merely to cancel the memorial and remove the papers from the registrar's office. Therefore, the question as to whether the appellant's claim to an interest in the plaintiff's premises is or is not well founded, is not presented for decision. The appellant might have moved to vacate the judgment, and that is the course which was followed in *Sundermann* v. *People* (148 App. Div. 124). It was not, however, as counsel for respondent argues, held in that case that the *duty* devolved upon the party applying to intervene to move to vacate the judgment. The plaintiff in refusing to receive the notice of appearance from the appellant, and in opposing appellant's motion for leave to intervene, which was held to be proper and was subsequently granted by this court, and in moving to vacate the stay which appellant had obtained to prevent the entry of judgment pending the appeal, and in proceeding to judgment, assumed and took the risk of entering a judgment which would not be binding upon and would become nugatory so far as the appellant was concerned, if the order should be reversed and the motion should be granted, as they were subsequently, for where a party has a right to appear in an action and is precluded therefrom by the plaintiff, he is not concluded by the judgment. (*Sundermann* v. *People, supra; Hawes* v. *U. S. Trust Co., No. 1, supra.*) The appellant claimed an easement in part of the plaintiff's premises and had an absolute right to appear and have that easement, if established, preserved by the judgment. (*Sundermann* v. *People, supra.*) The judgment rendered in the action in such circumstances has no more effect on the rights of the appellant than if it had never been entered.

If the plaintiff wishes to perfect the registration of her title so that the same may be binding on the appellant, she must take up the action anew from the service of the notice of appearance and serve her complaint and give the appellant his day in court. It appears that the appellant obtained a copy of the complaint in the registration action, but that did not relieve the plaintiff from complying with the demand in the notice of appearance for the service of a copy of the complaint (*Crouse* v. *Reichert,* 61 Hun, 46; *Sanders* v. *People's Co-operative Ice Co.,* 44 Misc. Rep. 171; *Sweet* v. *Sanderson Bros. Steel Co.,* 6 Civ. Proc. Rep. 69); and since appellant had a right to appear without an order of the court (*Sundermann* v. *People, supra; Hawes* v. *U. S. Trust Co., No. 1, supra*), the entry of the judgment was irregular and unauthorized.

If, as contended by counsel for the respondent, the registrar was without authority to file the papers in his office or to make the notation among the memorials on the certificate of registration of plaintiff's title, then neither the filing of the papers nor such notation would constitute a cloud on title and an action for the removal of the papers and the cancellation of the notation would not lie. (*Townsend* v. *Mayor,* 77 N. Y. 542; *Bernstein* v. *Schoenfeld,* 81 App. Div. 171.) If, however, the effect of the filing of the papers and the notation on the plaintiff's certificate of title was to draw attention to the appellant's claim to an easement in the wall shown by the survey annexed to the complaint to be partly on plaintiff's premises and partly on the premises to the south, then it would seem that appellant was asserting an interest in the premises, and it was entirely proper for his protection, especially in view of his ineffective efforts, owing to the attitude of the plaintiff, to become a party to the registration action, to file notice with the registrar that he claimed an easement in the premises owned by the respondent, and for the registrar to make a notation thereof among the memorials on plaintiff's certificate of registration. Of course, that would not be so if appellant had been a party to the action and his rights had been adjudicated, or if he were precluded by the judgment from asserting them; but when he filed those papers with the registrar and requested that the notation be made, he had become a party to the action

and he was not precluded by the judgment, and it was eminently proper that a notation of appellant's claim to an easement in part of the premises be made for the protection of the plaintiff against the claims of subsequent purchasers. We do not say that the papers filed with the registrar were sufficient to show that appellant asserted a claim to an easement in plaintiff's premises, or that the notation by the registrar was sufficient notice thereof to subsequent purchasers; but we hold that on these facts plaintiff cannot be heard by a court of equity to complain. If the notation be construed as an assertion by the appellant of an easement in the plaintiff's premises, which is the only view by which it could constitute a cloud on title, I am of opinion that its notation was authorized by the provisions of article 12 of the Real Property Law (*supra*) known as the Title Registration Law.

Section 400 of that law provides, among other things, that the title registered shall be held free from "all incumbrances, charges, trusts, liens and transfers, except those noted on the certificate," and that with those and certain other exceptions not material to the decision of this appeal, "no incumbrance, charge, trust, lien or transfer shall take effect upon or over real property the title to which has been registered, unless the instrument creating and setting forth such incumbrance, * * * has been filed with the registrar and a memorial or notation thereof made upon the certificate of title covering the property." Section 417 provides for filing transcripts or certified copies of judgments, executions, attachments and other liens with the registrar, requires the registrar to make a memorial thereof on the certificate of title of the premises affected, and provides in effect that if these provisions are not complied with, the judgment, attachment, execution or other lien shall not be a lien against the premises. Section 409 contains, among other provisions, the following: "A memorial of every paper filed with the registrar affecting title to registered property shall be entered at once upon the last original certificate to which it relates." Section 398 (as amd. by Laws of 1910, chap. 627) provides, in effect, that all papers which are required or permitted to be filed against registered property shall, pending the application for the registration of

title, "be filed with the registrar as if the property were registered." Section 402 provides that, in the absence of fraud, a transferee from a registered owner shall not be "affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand or interest whatever; and the knowledge that an unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed or treated as fraud." Section 418 provides for filing assignments of mortgages, leases and other liens with the registrar and for making a memorial thereof on the certificate of title; and section 419 provides for canceling a memorial in case of a release, discharge or surrender of a charge against or incumbrance on the premises. Section 420 provides for the filing and notation on the certificate of title of notice of pendency of certain actions. Section 416 (as amd. by Laws of 1910, chap. 627) in effect authorizes the parties in interest, on filing a mortgage, lease or other lien or charge, to agree upon a statement of not more than 100 words "as to the nature and effect" thereof, and requires the registrar to enter a memorial thereof. Section 406 (as amd. by Laws of 1910, chap. 627) contains similar provisions affecting the filing of a deed or other instrument of transfer. Section 422 provides for an application to the court for a direction to the registrar with respect to memorials to be entered on certificates of title when the registrar is in doubt and when the parties in interest fail to agree with respect to the proper memorial to be made concerning a "deed, mortgage or other voluntary instrument presented for registration." Section 433 provides that the provisions of the article relating to the registration of titles shall be liberally construed "so far as may be necessary for the purpose of effecting its general intent."

Counsel for respondent contends, on the authority of sections 406, 416 and 422, that the registrar should not have made the notation without the consent of the parties in interest or an order of the court. That contention cannot be sustained, for it is manifest that said sections have no application to a case where a party is merely asserting a claim to an easement in the premises. Moreover, those provisions do not relate to questions arising with respect to the right to file instruments or to have memorials made, but only with respect to the *nature*

of the memorial to be made concerning instruments properly filed. In carrying into effect the legislative intent declared in said section 433, it has been held at Special Term, in two reported decisions, to be proper to file a notice of appeal from the judgment of registration with the registrar and for him to note such filing on the certificate of title. (*Lachmann* v. *Brookfield*, 135 N. Y. Supp. 261; *People ex rel. Realty Associates* v. *O'Loughlin*, 136 id. 339.) Until the provisions of the title registration statutes shall have been authoritatively construed, it behooves the courts to refrain from attempting to cancel notations made on certificates of title designed to preserve interests asserted in good faith against premises, the title to which it is sought to register, and to give notice to subsequent purchasers and incumbrancers.

It follows, therefore, that the judgment should be reversed, with costs, and the findings of fact and conclusions of law inconsistent with the views herein expressed are reversed, and the order of reversal shall contain findings of fact and conclusions of law in accordance with these views, and the complaint is dismissed, with costs.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.